STONE *v.* STONE.

1. DIVORCE — CUSTODY OF CHILDREN — MODIFICATION OF DECREE.
   Upon an examination of the evidence it is *held* that the order of the circuit court modifying a decree of divorce and granting the custody of the children to the father is warranted by the best interests of the children.

2. SAME—EVIDENCE.
   That the circuit judge was influenced by unsworn statements of the children and conduct of the complainant out of court does not justify the reversal of a decree which is clearly right.

3. SAME—RES JUDICATA.
   The right to the custody of children is not so concluded by the decree as to preclude a subsequent modification.

Appeal from Saginaw; Gage, J. Submitted April 13, 1910. (Docket No. 77.) Decided June 6, 1910.

Bill by Mary Hanchett Stone against Edwin Pearson Stone for a divorce. There was a decree for complainant, and the custody of certain minor children was given to complainant. Defendant afterwards petitioned for the custody of said children. From an order granting the petition, complainant appeals. Affirmed.

*Crane & Crane,* for complainant.

*Humphrey, Grant & Baker,* for defendant.

HOOKER, J. The complainant, Mrs. Stone, was granted a decree of divorce in the Saginaw circuit in October, 1908. She was given the custody of three children, named and aged as follows: Wells, aged 12, George, aged 9, and Rose Mary, aged 4 years, until they should respectively reach the age of 14 years, or until the further order of the court, and she has had the custody of George

and Rose Mary since Wells reached the age of 14 years, who is understood to be with his father. On November 5, 1909, the defendant filed a petition asking a modification of the decree, and that the care and custody of George and Rose Mary be transferred from complainant to him. Testimony was taken, and the prayer of the petition was granted and the complainant has appealed.

We have endeavored to examine the testimony critically and have been driven to the conclusion that the best interests of these children will be subserved by awarding their custody to the father. We are of the opinion that no good would follow a reiteration of the testimony in the case, and therefore omit a discussion of the merits. Some claims are made that the course of the learned circuit judge denied the complainant a fair hearing. This is one of those cases where a party is indisposed to have counsel, and undertakes to manage the trial himself. We think that there is no reason for complaint, both because the judge was not unfair and gave complainant every reasonable opportunity, and because, in our opinion, the true facts were elicited.

We will notice some other points raised by her counsel. Referring to them in their order we say: (1) We are satisfied that the cause was rightly decided upon the merits as presented in the record. (2) The complainant was not denied a hearing. (3) The proofs do support the order made. (4-6, 8) There is abundance of testimony to warrant the finding of the trial judge, that is neither hearsay nor incompetent. Neither the fact that he examined the children unsworn, nor the fact that he was influenced by the conduct of the complainant in or out of court, nor his preliminary order as to custody of the children, will justify the reversal of a decree or order which is plainly right as shown by the record alone, and this is such a case. (7) The original decree did not establish complainant's right to the custody so absolutely as to preclude the court from changing it under the statute. 3 Comp. Laws, § 8632; *Griffin* v. *Griffin,* 154 Mich. 536 (118 N. W. 1).

(9) The order is not void and we consider it not unreasonable.

It is unnecessary to refer to other questions.

We are constrained to affirm the order, and it is so adjudged. No costs will follow.

OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred.