### In re KNOTT.

1. HABEAS CORPUS — PROCESS — COMMITMENT FOR CONTEMPT — AMENDMENT OF RECORD.

The amendment of a commitment for contempt of court in habeas corpus proceedings, by correcting a date to correspond with the true facts, is not ground to quash the commitment, though corrected by the attorney for the petitioner, and subsequently approved by the court.

2. SAME—RETURN OF RESPONDENT—REQUIREMENTS.

The commitment of a respondent in habeas corpus for failure to make a more complete and explicit return to the petition as ordered by the court, is not an exercise of inherent jurisdiction to compel obedience to orders, but is the method which the statute specifies in case of failure to return the facts relating to any transfer of custody. 3 Comp. Laws, §§ 9869-9873.

3. SAME—JURISDICTION—VALIDITY OF WRIT.

A petition for the writ of habeas corpus by the mother of an infant less than five years old, showing that the father who lives in the county where the petition is filed has surreptitiously removed the infant from her custody and control and unlawfully restrains the child of his liberty, in said county or elsewhere, with other averments showing jurisdiction, sufficiently alleges the petitioner's right of custody in order to give the court jurisdiction.

4. SAME—INFANTS—GUARDIAN AND WARD—PARENTAL CUSTODY AND CONTROL.

Although the provisions of 3 Comp. Laws, § 8701, confer upon the father, as the natural guardian of the infant, the right to be appointed guardian in preference to any other person, and in case of his decease give to the mother the right, they do not conflict with the authority of a court of competent jurisdiction to award the custody to any suitable person, as required by the best interests of the infant.

5. SAME.

But until the right to such custody has been judicially determined, and as between parents of a minor who are living together, there is no rule, statute or other authority which permits either, as of right, to dispose of a child to the exclusion of the other.

6. SAME.

After separation of the parents, the right of custody is *prima facie* in the mother.

7. SAME—JURISDICTIONAL AVERMENTS.

Both parents of the infant being in the jurisdiction of the court and the home of the child being in Wayne county where the writ is issued, a petition which so alleges and shows that the child is detained in the county or elsewhere, by the father, contains a sufficient allegation that the control of the imprisonment and of the child's person is within the jurisdiction to enable the court to issue the writ.

8. SAME—PETITION—SUFFICIENCY.

The wife need not allege that the respondent is an unfit person to have the custody of the child, or that he is not properly caring for it, or that the petitioner is a suitable custodian of the infant, when the petition shows the detention by the one parent as against the other.

9. SAME—RETURN.

A return that the child is outside the jurisdiction of the court is not conclusive and is traversable.

10. Same—Return—Pleading.

> The return of the respondent to the writ is incomplete, inexplicit, and insufficient, under 3 Comp. Laws, § 9869, where the respondent admits removing the infant from his mother's care, but denies having the child in custody or under his power from the time of the application for the writ, claiming that the child was in Canada when he last heard of it.

Certiorari to Wayne; Rohnert, J.   Submitted May 26, 1910.   (Calendar No. 24,009.)   Decided June 9, 1910.

Habeas corpus proceedings by Elizabeth Knott against Frank M. Knott to obtain the custody of Kenneth W. Knott, an infant.   An order committing respondent for contempt of court in refusing to make a more complete and explicit return to said writ is reviewed by respondent on writ of certiorari.   Affirmed.

*Louis C. Wurzer*, for petitioner.

*Schmalzriedt, Spaulding & Herald*, for respondent.

On the 19th of April, 1910, upon the petition of Frank M. Knott that day filed, a writ of certiorari was allowed by one of the justices of this court to review certain proceedings had in the circuit court for the county of Wayne, in the course of which and for refusal to obey an order of one of the judges of that court the petitioner was committed, and is now imprisoned. A return to the writ was filed May 10, 1910, and, upon the suggestion that the cause might be treated as a motion and speedily disposed of, briefs were filed by counsel on the part of plaintiff in certiorari on May 28th, on behalf of the respondent on June 1st. The proceeding was begun by filing on the 9th of March, 1910, a petition for a writ of habeas corpus. It is set out in the petition that the petitioner, Elizabeth Knott, is the wife of Frank M. Knott, the plaintiff in certiorari; that as a result of their marriage there was born one son, Kenneth W. Knott, now 4½ years old; that the parties resided together at 123 Owen avenue in the city of

Detroit; that on or about February 23, 1910, while peti-
tioner was absent from home, the said Frank M. Knott
entered the same and surreptitiously removed the child,
and has ever since that time illegally and unlawfully re-
strained the child of his liberty and detained him from
the custody of petitioner, and since the 23d of February,
1910, has not resided with petitioner as her husband at
the said home.    The fourth paragraph of the petition is
as follows:

" That the said Kenneth W. Knott is now imprisoned,
concealed and detained from the custody of your petitioner
by the said Frank M. Knott, in the city of Detroit, or
elsewhere, and that the said Kenneth W. Knott is not
committed or detained by virtue of any process, judg-
ment, decree, or execution specified in the eighth section
of chapter 273 of Compiled Laws of Michigan of 1897,
and that the said confinement, restraint, and detention is
without legal cause or pretense."

The writ was issued on March 9, 1910, and on that day
was served upon Frank M. Knott.    He did not produce the
child, but filed a return, in which he admits the marriage
to petitioner; that the child, Kenneth W. Knott, is the
child of petitioner and himself; and that he is about 4½
years old.    He admits that himself and wife and their
child resided at 123 Owen avenue, Detroit, as stated in the
petition, and that on or about the 23d of February, 1910,
he took the child from the home.    His purpose and the
reason for said action are alleged to be:

" To have the said child cared for; that the said peti-
tioner had left the said child at said last-mentioned place,
and was neglecting the said child, and spending nearly
all her time in consultations with one George A. Fritch
and his counsel, and other witnesses; that she became in-
fatuated with the idea that it was her duty at all hazards
to her reputation and home to endeavor to clear the said
Fritch upon the charge of manslaughter then laid against
him, and of which he has since that time been convicted;
that said petitioner attempted to get this respondent to
join with her in a fraudulent endeavor by proving a false
alibi for the said Fritch to assist in clearing him, and that

she became very bitter towards this respondent because he refused so to do, and seemed determined to break up their said home; that this respondent, believing that the said petitioner would recover from her infatuation as above mentioned, and would return to her home, and fearing that she would take said child from said home and deprive this respondent of any right of access to him, and believing that she in her present state of mind was unfit and unsuitable to have the care and custody of said child, placed the said child with friends who would care for it until the said petitioner and this respondent should arrange their difficulties."

He further returned:

"That neither at the time of the issuing of said writ nor at any time since was the said Kenneth Knott, mentioned in the said writ of habeas corpus, in his custody or in any manner under his power or restraint, and that he did not have him in his custody or under his power or restraint at the time of the application for said writ, and that he has not had said child at any time since; and further states that he has not at any time since the issuing of the said writ, or since the issuing of any writ in relation to said matter by the said court prior to the issuing of the first above mentioned writ, transferred the custody or restraint of the said Kenneth Knott to any person. Respondent further says that he does not know at the present time the whereabouts of the said child; that, when he last knew of the whereabouts of the said child, he was in the Dominion of Canada."

The circuit judge before whom the writ was made returnable, upon reading the return, and on March 15th, determined that the return which was made was partial, evasive, incomplete, and insufficient, not in compliance with the statute, and he ordered the said Knott to make a more complete and explicit return. He refusing in open court to make any further return, and offering no excuse for such refusal, an attachment was issued against his body. Having been arrested by virtue of the attachment and brought before the court, and still refusing to obey the writ of habeas corpus, "and openly and wilfully refusing to make a sufficient return as required by the order of this court," he was ordered to be committed to close custody

in the county jail without being allowed the liberties thereof, there to remain until he should make a complete and sufficient return.   Upon the 19th of March, 1910, while the said Knott was in custody, his counsel brought on for hearing a motion to quash the writ of habeas corpus, the writ of attachment, and the commitment.   The court denied the motion.

It is contended:

(1) That the petition was insufficient to justify the issuance of a writ of habeas corpus.

(2) That the return was sufficient to show that the court had no jurisdiction in the matter and therefore no further return should have been required.

(3) That, even if the prior proceedings were regular, the commitment is void because it was altered by the attorney for the petitioner after it had been signed by the clerk of the court and delivered to the sheriff for service.

OSTRANDER, J. ( *after stating the facts* ).   The order for the commitment was made March 15th, as appears by the record of the court.   The commitment was issued that day.   The clerk, by inadvertence, dated it March 14th, and recited therein that the order therefor was made on March 14th.   This correction of the commitment was asserted as a reason for quashing the same.   With respect to this the court said:

"As far as the change in the writ is concerned, the court approves of the change in conformity with the facts."

This after counsel for both parties, in response to the inquiry of the court, admitted that the changes made conformed to the fact.   The respondent was in any event in custody and the change in the commitment affected him in no way.   It would have been mere matter of form to hand it to the clerk for correction.

The statute requires the person upon whom any such writ shall have been duly served, if such person shall have had the party in his power or custody or under his restraint at any time prior or subsequent to the date of the writ, but has transferred such custody or restraint

to another, to particularly state in the return to whom, at what time, for what cause, and by what authority such transfer took place, and, further, that if the person upon whom the writ has been served shall refuse or neglect to make a full and explicit return to the writ within the time required by law, and no sufficient excuse shall be shown for such a refusal or neglect, it shall be the duty of the court before whom such writ shall have been made returnable, upon due proof of the service thereof, forthwith to issue an attachment against such person and commit him to the jail of the county until he shall make return to the writ. See 3 Comp. Laws, §§ 9869–9873. It will be perceived that in committing the respondent the court was not exercising the inherent jurisdiction and power of courts to compel obedience to the orders of court, but was following the method which the statute affirmatively requires shall be followed to enforce obedience to the command of the writ. If, therefore, the court had jurisdiction to issue the writ, and if the return thereto, the child not being produced, was evasive and not full and explicit, the action of the court has affirmative legislative approval.

It is said that the petition fails to show that the petitioner is entitled to the custody of the child as against the respondent, and, on the other hand, shows that the respondent is legally entitled to said custody. This contention is based, in part, upon the provisions of 3 Comp. Laws, § 8701. This section is a part of chapter 234, the title of which is "Guardians and Wards," and relates to the powers of judges of probate to appoint guardians for minors. There can be no doubt that the father is the natural guardian of his child, nor that the statute just referred to contemplates that, as against all other relatives and all other persons, the father, and, in case of his decease, then the mother, they being, respectively, competent to transact their own business and otherwise suitable, are entitled to be appointed guardians of the persons of minor children. It is also provided (3 Comp. Laws, § 8689)

that in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of 12 years. There is nothing in either provision which interferes with the right of a court of competent jurisdiction, upon investigation and upon consideration of the best interests of a minor child, to commit said child to the custody of either the father, the mother, or of some other suitable person. But until the right to such custody has been judicially determined, and as between parents of a minor who are living together as husband and wife, there is no rule, statute or other, which permits either, as of right, to dispose of a minor child to the exclusion of the other. It is averred in the petition for the writ of habeas corpus that since the 23d day of February, 1910, these parties have not resided together as husband and wife at their home. The answer of respondent indicates a serious estrangement. If the petition is treated as asserting a separation of the parents, then it asserts also a *prima facie* right of the mother to the custody of this child.

It is said that the statute (section 9858) limits the right to the writ to cases where persons are restrained or imprisoned within the State, and limits the jurisdiction of the circuit court for Wayne county (section 9860) to cases of restraint within the county, and there is no allegation in the petition that the child is within the State or within the jurisdiction of the court. We do not feel called upon to enter at this time into a nice discussion of the effect of the apparent legislative limitations upon the use of the writ of habeas corpus. See *In re Jackson*, 15 Mich. 417; *Rivers* v. *Mitchell*, 57 Iowa, 193 (10 N. W. 626); 21 Cyc. p. 309. The parents of the child are both of them within the jurisdiction of the court, and their home and that of the child is in Wayne county. It is alleged in the petition that the child is detained, imprisoned, or concealed by the father in the city of Detroit or elsewhere. This is equivalent to the allegation that the restraining force, the

control of the detention, and of the person of the child is within the jurisdiction, and it does not appear that the place of detention can be more specifically stated. What we are now required to decide is whether the allegation is sufficient for purposes of jurisdiction to issue the writ. We hold that it is sufficient.

It is said that the petition does not allege that the respondent is unfit to have the custody of the child or that he is not caring for him in a proper and reasonable manner, or that the petitioner is a fit person to have his care and custody or that she is in condition to care for him properly, and that there is no statement in the petition from which it may be inferred that the child would be benefited by the transfer from the custody of respondent to that of the petitioner; that, unless such a showing is made on the hearing, the court would be obliged to dismiss the writ because it could not properly make an order giving the child into the custody of the mother.

The argument assumes that the child is in the custody of the father, and it must rest upon some notion of a legal right of one parent as against the other, in the absence of judicial determination, to dispose of the child—an argument already answered. It may be added that it is the husband who is here asserting such right of disposal and admits having placed the child beyond the care and control of his mother; that without a return which shows what he has done with his child, and without his production of the child, the court is in no position to make intelligently any order in the premises.

It is said that, in any event, the return is sufficient because it appears therefrom that the child is outside of the State of Michigan. It does not appear by the return that the child is outside of the State of Michigan or outside of the county of Wayne, or that it was outside of the jurisdiction when the return to the writ was made. It would not be beyond the power of the court to inquire into the fact if respondent had returned absolutely that at the time the writ issued and at the time the return was made the

child was outside of the State. Such an allegation is traversable. In this case the allegations found in the return are not traversed, for the very good reason that the return itself was adjudged by the court to be an insufficient return. Clearly the law would need amendment if the jurisdiction of a court in habeas corpus proceedings depended upon the allegations in the return to the writ.

We find no error in the proceedings. We find the return incomplete, not explicit, and not such an one as the statute requires to be made. The petitioner in habeas corpus will recover of the respondent (the plaintiff here) costs of this court to be taxed as in a cause heard upon motion.

HOOKER, MOORE, McALVAY, and BLAIR, JJ., concurred.