GILBERT v. GILBERT.

1. DIVORCE—CUSTODY OF CHILDREN.
   A father who has deep affection for his minor daughters, is preparing a good home for them where their mother's relatives may have frequent association with them, and who is otherwise a fit person, should be awarded their custody by divorce decree rather than the mother, who purposes following a business career, and who maintains no home but would have to place them in a boarding school, although no hint of impropriety of conduct is directed against her.

2. SAME—WELFARE OF CHILDREN FIRST CONSIDERATION.
   The initial preference for the mother, established by the statute, must give way before the higher law of the good of the child when the mother proposes to provide institutional care, and the father can furnish a proper home.

Appeal from Kent; Dunham (Major L.), J.   Submitted October 20, 1927.   (Docket No. 86.)   Decided April 3, 1928.

Bill by Howell Gilbert against Cornella Gilbert for a divorce: On cross-petition of plaintiff for modification of decree awarding custody of infant children. From an order granting the petition, defendant appeals. Affirmed.

*Knappen, Uhl & Bryant (Philip H. Travis, of counsel), for plaintiff.*

*Oscar E. Waer, for defendant.*

CLARK, J.   The parties hereto were married June 1, 1916, and divorced July 17, 1925.   By consent, the decree awarded the custody of the children, Mary and Nancy, now aged 9 and 7 years, respectively, to the

_____
¹Divorce, 19 C. J. § 799; ²Id., 19 C. J. § 795; 41 L. R. A. (N. S.) 609; 9 R. C. L. 476; 2 R. C. L. Supp. 811; 4 R. C. L. Supp. 608; 6 R. C. L. Supp. 557.

plaintiff until the expiration of the school year in June, 1926, then to defendant for the ensuing year, and thereafter alternately to the parents by school years. On April 29, 1927, defendant filed a petition for modification of the decree to award her permanent custody of the children. On May 14, 1927, plaintiff answered and filed a cross-petition seeking permanent custody of the children in himself. After hearing, the circuit court, in chancery, granted plaintiff's cross-petition and defendant appealed. The modified decree accords the defendant and her father and sister the right to visit and be with the children at all reasonable times, and gives defendant the right to have them with her during any reasonable portion of their vacation periods.

Each of the parties indulges in some recriminations against the other, but it would serve no good purpose to give them further publicity. It is sufficient to say that neither of them is shown to be unfit to have custody of the children, and neither is shown to be so superior to the other in personal fitness that the issue may be determined upon that qualification. The fact that each agreed, at the time of the divorce, that the other should have the children half the time impairs the force of their present claims of prior neglect or unfitness. The decision of the circuit court was properly put upon the basis of subsequent conduct and conditions.

The original divorce proceedings were commenced by plaintiff when defendant left her home and children and went to Chicago for a time to pursue studies in commercial art. When she had custody of the children, in 1926, she cared for them in Grand Rapids, and, on her return to Chicago, in September, she attempted to establish a home in that city. She found servants untrustworthy, and, because she could not give the children the personal attention they needed, they acquired bad habits. She acknowledged her failure to

provide a proper home for them, while pursuing her vocation, both frankly in writing to plaintiff and also by placing the children in a boarding school at Beaver Dam, Wisconsin.   She has no present plan nor prospect for their future care other than in a boarding school, as she purposes to continue her art studies and work.

The principal attack upon plaintiff is that he is now married to a woman with whom, in 1918, while he was in army service, he had an affectionate association. However, there is no evidence that their relations were immoral, and, although they had some correspondence, they do not appear to have seen each other from 1919 until after the divorce.   Defendant had possession of some of the letters long before she separated from plaintiff, made no charges in the divorce suit because of the relationship, and the affair is not shown to have had any effect upon the separation of the parties hereto nor upon their divorce proceedings.   The circuit judge did not view the incident as disqualifying the plaintiff.   On the contrary, he expressed confidence in the fitness of both the plaintiff and his present wife to care for and properly rear the children.

The testimony establishes that the plaintiff has deep affection for his daughters, and that he has devoted much time to them.   He is building a home so that he can keep them better than in an apartment.   He intends to remain at Grand Rapids, where the maternal relatives, who are folks of standing and prestige, may have close and frequent association with the children. The benefit of such association cannot be overlooked.

The circuit judge had the advantage, most important in a controversy of this sort, of personal observation of the parties.   The issue is, in fact, as he found it, that of a good home against a good boarding school. In his judicial preference for a home we fully concur. Recognizing that the mother is, *prima facie,* entitled to the custody of these children, and that no hint of

impropriety of conduct is directed against the defendant, it nevertheless remains that her plans for the future do not contemplate the establishment of a home in which she will exercise personal supervision of the children. Children are entitled to parental care and affection and guidance. The initial preference for the mother, established by the statute, must give way before the higher law of the good of the child when the mother proposes to provide institutional care and the father can furnish a proper home.

The circuit judge, in his opinion, has clearly pointed out that, upon a change of conditions in the future, the decree will be subject to modification for the then best interests of the children.

The decree is affirmed, without costs.

FELLOWS, WIEST, MCDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN and the late Justices SNOW and BIRD took no part in this decision.