## MOTT v. MOTT.

1. DIVORCE.

In husband's suit for divorce, where wife filed cross-bill, dismissal of cross-bill and granting divorce to husband, *held*, proper, under proofs.

2. SAME—CUSTODY OF CHILD.

That mother is *prima facie* entitled to custody of young child (3 Comp. Laws 1915, § 11484) does not interfere with right of court, on investigation and consideration of child's best interests, to commit child to custody of father or some other suitable person.

3. SAME.

Finding of court below that father is suitable person to have custody of young child, and that mother is not suitable person, *held*, sustained by record.

Appeal from Berrien; White (Charles E.), J. Submitted June 6, 1930. (Docket No. 70, Calendar No. 35,067.) Decided October 3, 1930.

Bill by Fred W. Mott against Pearl W. Mott for divorce. Defendant filed a cross-bill for divorce. From decree for plaintiff and awarding child to him, defendant appeals. Affirmed.

*Gore & Harvey,* for plaintiff.

*Shields, Silsbee, Ballard & Jennings,* for defendant.

CLARK, J. To plaintiff's bill for divorce defendant filed answer and cross-bill for divorce. Plaintiff prevailed and was awarded custody of the child, a boy four years old. Defendant has appealed.

---

As to right of court to deny custody of child to parent for its well-being, see annotation in 41 L. R. A. (N. S.) 564.

Essentially both bill and cross-bill charge cruelty. Defendant's important allegations, in support of which she had testimony, are that plaintiff sought unnatural sexual relations. The indelicacy of this subject forbids discussion of it. *People* v. *Carey,* 217 Mich. 601. The charge, as held by the trial judge, is not sustained and the testimony given in support of it is not believed. The cross-bill was rightly dismissed and decree was properly granted to plaintiff on the proved material allegations of his bill.

The chief question is the custody of the child. *Prima facie* the mother is entitled to the custody of the young child. 3 Comp. Laws 1915, § 11484; *Weiss* v. *Weiss,* 174 Mich. 431. But this rule does not interfere "with the right of a court of competent jurisdiction, upon investigation and upon consideration of the best interests of a minor child, to commit said child to the custody of either the father, the mother, or of some other suitable person," quoting from *In re Knott,* 162 Mich. 10.

The finding that the plaintiff is a suitable person to have the custody of the child is well sustained by the record, and the further finding that defendant is not a fit or suitable person is likewise sustained. Relative to her unfitness may be noted the grossly indecent matter conceived and alleged against plaintiff, her intemperate use of intoxicating liquor, her consorting with improper persons, and conduct showing small interest in her home and her child.

Affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.