SMITH v. SMITH.

1. DIVORCE—CUSTODY OF CHILD.
   When divorce is granted, court may determine with which parent child or children shall remain (3 Comp. Laws 1915, § 11407), but provision in section 11484 that mother is *prima facie* entitled to custody of children under 12 years of age has been treated as expressive of legislative intent in such cases.

2. SAME—PARENT HAS RIGHT OF ACCESS TO CHILD.
   While welfare of child must always be considered, access to child by parent denied custody is important right.

3. SAME—CUSTODY OF CHILD—MODIFYING DECREE.
   Order of court below modifying divorce decree by providing that father have custody of child four days each month is not disturbed, on appeal. in view of fact that, if made to appear that it is not for best interests of child, new decree may be made by court below (3 Comp. Laws 1915, § 11408).

Appeal from Genesee; Parker (James S.), J. Submitted October 21, 1930. (Docket No. 49, Calendar No. 35,204.) Decided December 2, 1930.

Bill by Nelle Florence Smith against Joseph J. Smith, for divorce. From order modifying decree in respect to custody of child, plaintiff appeals. Affirmed.

*Walter M. Nelson*, for plaintiff.

Sharpe, J. On April 16, 1929, a decree of divorce was granted to plaintiff on the ground of extreme cruelty. A property settlement, which had been filed, was confirmed by the court and its provisions incorporated in the decree. The plaintiff was given the custody of their infant child "until she shall attain the age of sixteen years or until the further order of the court." The following provision seems also to have been inserted therein by consent:

"Further, that defendant has the right to have the child visit him one day each week and a portion of its summer vacation, when it does not interfere with its education."

On April 10, 1930, the defendant filed a petition in which he averred that the plaintiff had persistently refused to allow the child to visit him one day in each week as provided for in said decree, and prayed that she be punished for contempt. An order to show cause was thereupon issued on motion of the Friend of the Court. Plaintiff, on being served therewith, filed a petition to modify the decree by eliminating therefrom the provision quoted above.

Both the plaintiff and defendant and several other witnesses were sworn on the hearing of these motions. After an unsuccessful effort to secure an

agreement by the parties, a decree was entered modifying the provision as to the custody of the child by providing that the defendant should have the right to have the child with him on the last four days of November, 1930, and the last four days of each alternate subsequent month thereafter, and that in July of each year thereafter he should have the child with him for the two weeks immediately preceding the four days above specified, and that, when the last day of the month should fall upon a Sunday, the four-day period should consist of the last three days of the month and the first day of the subsequent month. These provisions were made operative until the child arrived at the age of 16 years, or until the further order of the court. We have omitted the provisions applicable before November of this year as that time is now past.

The plaintiff has appealed. When the original decree was entered, both parties were residents of the city of Flint. She is now living with a family in Owosso, performing service as a domestic. It is undisputed that the child is well cared for there by her. She admits that she has refused to permit the defendant to take the child, as provided for in the original decree. The defendant is now living with his mother at her home in Detroit. It cannot be doubted that the child will be properly cared for while at her home.

When a divorce is granted, the court "may determine with which of the parents the children, or any of them, shall remain." 3 Comp. Laws 1915, § 11407. The provision in section 11484 that *prima facie* the mother is entitled to the care and custody of all children under 12 years of age has been treated as expressive of the legislative intent in such cases. *Klein* v. *Klein,* 47 Mich. 518. While the welfare of

the child must always be considered, "access to the child by the parent denied custody is an important right." *Kane* v. *Kane,* 241 Mich. 96, 99.

There are few more troublesome questions than that here presented. Trial judges differ much in their views regarding such a provision. Some are inclined to think that it is for the best interests of the child that the parent deprived of its custody should not thereafter see it, while others are strongly of the opinion that, if possible, it should grow to manhood or womanhood with a retained affection for the parent in whose custody it has not been placed.

There are perhaps no two of the members of this court who, had they been sitting as trial judges in this case, would have embodied a like provision in this decree. Mr. Justice CLARK said in *Gilbert* v. *Gilbert,* 242 Mich. 178, 180:

"The circuit judge had the advantage, most important in a controversy of this sort, of personal observation of the parties."

We are unwilling at this time to substitute our judgment for his, particularly in view of the fact that if it is at any time made to appear to him that the above provision is not for the best interests of the child, when considering the rights of the parents, a new decree may be made by him (section 11408).

The decree is affirmed, but without costs to either party.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.