## LAZELL *v.* LAZELL.

1. DIVORCE—CUSTODY OF CHILDREN—AMENDMENT OF DECREE.
   In divorce cases, the trial judge, on filing of a petition, can always make proper investigation and, if necessary, amend the decree as to custody of children should conditions change or either parent attempt to influence the child against the other (3 Comp. Laws 1929, § 12852).

2. SAME—NINE-YEAR OLD BOY—ENVIRONMENT.
   Trial court's order that nine-year old boy remain on farm in custody of father, a rural school teacher, during school year and month of August and spend all other vacation periods with mother who had remarried and lived in a city is affirmed, since continuance of environment is in accord with welfare of child, the paramount consideration in determining its custody (3 Comp. Laws 1929, § 12852).

Appeal from Antrim; Gilbert (Parm C.), J. Submitted January 24, 1935. (Docket No. 140, Calendar No. 38,243.) Decided April 8, 1935.

Bill by Lester Lazell against Lillian Lazell for a divorce. On petition of defendant to modify decree as to custody of child. From order modifying decree, defendant appeals. Affirmed.

*H. E. Wellman,* for plaintiff.

*E. N. Clink (Edwin K. Reuling,* of counsel), for defendant.

BUTZEL, J. On December 14, 1929, Lillian Lazell was granted a divorce from Lester Lazell on a cross-bill filed by her charging cruelty. Lazell, the father, was given the care and custody of Elden David La-

zell, then almost three years old, inasmuch as cross-plaintiff, the mother, had neither a home nor means to care for the child. The decree provided only for nominal alimony, the father being a farmer with but limited property and earning power. It, however, provided that Mrs. Lazell might keep the child at her mother's home in Mancelona, Michigan, or some other proper place, three times a year, for periods of 10 days; that the father should pay the traveling expenses incurred by the mother as to two of the visits each year, in going from and returning to Detroit, where she had taken up her home; that after the child arrived at school age, the mother was to have him for two months during the school vacation and also alternately during the holiday season. The child now is over nine years of age. He lives with his father, who has been a rural school teacher. The boy is doing good school work, enjoys farm life, and has a very fine companionship with his father, whose mother and sister live with him on the small farm and look after the boy. The mother, during the pendency of the divorce suit, taught school, subsequently worked in a large department store in Detroit, and then attended normal school, where she obtained a teacher's certificate. In 1932 she married a man of fine character, who earns a large income as a railroad conductor and maintains a good home. He is very fond of the boy, and promises to provide him with a college education, if his care and custody is awarded the mother.

In August, 1934, defendant petitioned the court to revise its decree so as to give her the custody of the boy. She shows that it was only because of her lack of means and consequent inability to properly care for him that she did not assert her claim at the time of the decree; that now, with conditions changed, she can provide him with a good home and

with better physical and educational advantages than he now enjoys with his father; and she asks that the care and custody of the child, who is under 12 years of age, be given to her, the mother of the child and a proper person, in accordance with 3 Comp. Laws 1929, § 12852. The father, in his answer, made scurrilous attacks upon the mother's character, but utterly failed to prove them. The judge found that the mother, her husband and the father all bore excellent reputations and had fine characters, although he scored the father in no uncertain terms for his enmity toward the mother and his attempt to influence the child against her, and forbade the continuance of such conduct. He, however, found that it was better not to take the child from the father, and therefore refused to amend the decree, except to provide that the mother was to have the boy during all vacations, with the exception of the month of August each year; that the father should pay $40 a year for the child's traveling expenses incurred in visiting his mother; and that when the boy arrived at the age of 14 years he might nominate his own guardian.

We shall not even attempt to discuss the questions raised as to the comparative advantages in the child's being brought up in the city by his. mother or on a farm by his father, or whether it would be more advantageous for the boy to spend his winters in the city and his summers in the country. There is no doubt but that had the mother been able to care for the child at the time of the original decree, she would have been entitled to his custody under the circumstances of the case. Now, however, the child is over nine years of age, has always lived in a rural community, is fond of farm life, is doing splendid school work, has his father as a constant companion, and is seemingly happy. The misery and unhappi-

ness leading to a divorce between parents is too often visited upon the children, who as a result find themselves conflicted and insecure. It is not well to disturb the *status quo* unless the court finds it necessary or proper for the good of the child. Should either parent attempt to influence the child against the other, or should conditions change, the trial judge, on the filing of a petition, can always make proper investigation and if necessary amend the decree. The court reached the correct conclusion in not uprooting the child from his present environment. The welfare of the child is paramount to all other considerations. *Weiss* v. *Weiss,* 174 Mich. 431; *Gilbert* v. *Gilbert,* 242 Mich. 178; *Smith* v. *Smith,* 252 Mich. 543.

The decree as modified is affirmed, without costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.