SMITH *v.* RITTER.

1. DIVORCE—CUSTODY OF CHILDREN—STATUTES.

   Statute providing that in case of separation of parents of minor children, the mother should be entitled to custody of children under 12 years and father to custody of children 12 years or over was intended as a general guide for the courts when in doubt as to which of the parents is the more fit, or when neither is shown to be unfit (3 Comp. Laws 1929, § 12852).

2. SAME—CUSTODY OF CHILDREN—STATUTES—INHERENT POWERS OF EQUITY.

   Statute providing for custody of minor children in case of separation of parents does not qualify or restrict the inherent, broad, discretionary powers of a court of chancery to adjudicate as to the custody of children whose interests are before it, according to the varying elements for consideration in each case, and to make such disposition of each child as its best interests appear to demand (3 Comp. Laws 1929, § 12852).

3. SAME—CHILD IN CUSTODY OF MATERNAL GRANDPARENTS—WELFARE OF CHILD—RECORD.

   On mother's petition to gain custody of boy, now 9 years old, from her parents to whose custody court had awarded child by decree of divorce and with whom he had always lived, ,court's determination that welfare of child could be served best by leaving him with the maternal grandparents *held*, justified under record presented.

4. SAME—COSTS.

   No costs are granted on appeal of mother where she was unsuccessful on her petition to obtain custody of boy whose custody had been awarded to her parents by decree of divorce.

Appeal from Emmet; Sprague (Victor D.), J. Submitted October 11, 1939. (Docket No. 112, Calendar No. 40,718.) Decided December 20, 1939.

Divorce proceeding by Harriet (Ritter) Smith against Reuben Ritter. On petition by plaintiff to

obtain modification of decree of divorce and obtain custody of minor child.   Petition denied.   Plaintiff appeals.   Affirmed.

*Shepherd & Berry,* for plaintiff.

*Ward I. Waller,* for defendant.

SHARPE, J.   May 12, 1938, a decree of divorce was granted plaintiff, Harriet Ritter Smith, from defendant Reuben Ritter.   The decree provided that Harry Clark and Emma Clark, the maternal grandparents, should have the care, custody and maintenance of Thomas Ritter, the child of the above parties.   The decree also provided that defendant Reuben Ritter should pay to the grandparents a sum equal to one half the cost of supporting and maintaining the child.   It also appears that regardless of the provisions in the decree plaintiff paid the other half of such expense.

In September, 1938, plaintiff married Cyril J. Smith, and on March 31, 1939, filed her petition praying that the original decree of divorce be amended so as to award to her the custody of Thomas Ritter, age 9 years.   In rendering an opinion, the trial court adopted the findings of the friend of the court, the material part being as follows:

"This report of the friend of the court, pertains to the petition of Harriet Smith to gain custody of her son Thomas Ritter, age 9 years, who now is and always has been in the care and custody of the maternal grandparents of said child, Mr. and Mrs. Harry Clark, of Cheboygan, Michigan.   The mother of the child lives at Petoskey, Michigan, and now seeks permanent custody of her child.

"It appears that the parents of the child are divorced, and that now that the mother of the child having recently remarried to Cyril Smith, and hav-

ing a home of her own wants to gain custody of her child and that the grandparents oppose such change of custody except upon order of the court.

"From the report of Catherine McCuaig, county juvenile court officer of Emmet county, which report is hereto attached, and from the testimony taken in open court, it appears that the child since birth, by the consent of the mother of the child, and court approval, the child has been in the immediate care and custody of said maternal grandparents. The home life of the child now is and always has been ideal; ample home grounds in which the child can play, home surroundings and environment good; religious training not neglected; schooling and educational advantages all that could be desired or expected. It is the child's natural home. He has never known any other home, and the mother makes no objection as to the proper bringing up that the child enjoys and has always had. There is the best of kindly feeling between the mother of the child and her parents, who have always had the custody of the child."

Plaintiff appeals and contends that under the provisions of 3 Comp. Laws 1929, § 12852 (Stat. Ann. § 25.311), she is entitled to the care and custody of the minor child of the parties.

"That in case of separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of twelve years, and the father of such children shall be entitled to the care and custody of all such children of the age of twelve years or over."

We are of the opinion that the result to be attained in the instant case is controlled by the principles enunciated in *Weiss* v. *Weiss*, 174 Mich. 431, where we said:

"It can be said of the foregoing section, taken as a whole, that it was intended as a general guide for

the courts when in doubt as to which of the parents is the more fit, or when neither is shown to be unfit. It has been construed as meaning that *prima facie* the mother is best entitled to the custody of very young children, favoring her in that respect, and as meaning there should be preponderating reasons in favor of the father before it is otherwise provided. *Klein* v. *Klein,* 47 Mich. 518; *In re Knott,* 162 Mich. 10.

"The statute in question has never been construed as qualifying or restricting the inherent, broad, discretionary powers of a court of chancery to adjudicate as to the custody and control of children whose interests are before it, according to the varying elements for consideration arising in each case, and to make such disposition of each child as its best interests appear to demand. On the contrary, it was said in *Re Knott, supra:*

" 'There is nothing in either provision (3 Comp. Laws 1897, §§ 8689, 8701 [see 3 Comp. Laws 1929, §§ 12852, 15768 (Stat. Ann. §§ 25.311, 27.2933)]) which interferes with the right of a court of competent jurisdiction, upon investigation and upon consideration of the best interests of a minor child, to commit said child to the custody of either the father, the mother, or some other suitable person.'

"The fact that the parents are equally good, or equally bad, or even that one in some respects may be better than the other, is not necessarily the final test. Other considerations bearing on the welfare of the child may turn the scale.

"By 3 Comp. Laws 1897, § 8631 (4 How. Stat. [2d Ed.] § 11468 [3 Comp. Laws 1929, § 12738 (Stat. Ann. § 25.96)]), the discretionary power of the chancery court is affirmed in clear language. When a decree is granted, 'the court may make such further decree as it shall deem just and proper, concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children, or any of them, shall remain;' and by the next section (3 Comp. Laws 1897, § 8632 [3 Comp. Laws 1929, § 12739 (Stat. Ann. § 25.97)]) the court can afterwards from time to time revise

and alter its previous orders on the subject 'as the circumstances of the parents and the benefit of the children may require.' Such course has been recognized as proper and ratified by this court. *Griffin* v. *Griffin,* 154 Mich. 536; *Stone* v. *Stone,* 161 Mich. 565. The trial court recognized the possibility of such a contingency and provided for it in the decree. \* \* \*

"While the wishes and affections of the parents for the child are not to be ignored, they are a secondary consideration. The primary consideration is the welfare and happiness of the child, from the standpoint of education, moral and religious training, good influences, care, kind treatment, pleasant environments, and future prospects."

In *Mott* v. *Mott,* 251 Mich. 576, we said:

"The chief question is the custody of the child. *Prima facie* the mother is entitled to the custody of the young child. 3 Comp. Laws 1915, § 11484 (3 Comp. Laws 1929, § 12582 [Stat. Ann. § 25.311]); *Weiss* v. *Weiss,* 174 Mich. 431. But this rule does not interfere 'with the right of a court of competent jurisdiction, upon investigation and upon consideration of the best interests of a minor child, to commit said child to the custody of either the father, the mother, or of some other suitable person,' quoting from *In re Knott,* 162 Mich. 10."

See, also, *Smith* v. *Smith,* 252 Mich. 543; *Lazell* v. *Lazell,* 271 Mich. 271.

In the case at bar, the trial court determined that the welfare of the child could be served best by leaving him with his maternal grandparents. The record justifies such a finding and the decree of the trial court is affirmed, but without costs.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.