## JOHNSON *v.* JOHNSON.

1. PARENT AND CHILD—CUSTODY OF MINORS—STATUTES.
   Statute providing that custody of children under 12 years of age be given to mother when parents are separated and that custody of older children be given to father is not mandatory and does not interfere with equity court's inherent power to make such orders with reference to custody of children as circumstances may render just and proper (3 Comp. Laws 1929, § 12852).

2. SAME—CUSTODY OF MINOR CHILDREN.
   In awarding the custody of minor children whose parents are separated, the welfare of the children is paramount and the wishes of the parents are a secondary consideration.

3. DIVORCE—CUSTODY OF CHILDREN—CHANGE OF CIRCUMSTANCES.
   Fact that mother's third husband had been released from military service and had established home at which mother sought to bring 11-year-old son of herself and defendant, her first husband, *held,* not such a change of circumstances as to warrant changing his custody from that of his paternal grandparents where child is of nervous temperament, grandparents have genuine affection for the boy and mother seems to prefer working outside of the home and employ young girls to care for the child in her absence.

4. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.
   While the Supreme Court hears chancery cases *de novo,* due weight should be given to factual findings of the trial court.

5. DIVORCE—DE NOVO REVIEW.
   While Supreme Court hears divorce cases *de novo,* especial consideration is given to findings of the trial court based largely upon credibility of witnesses and will not reverse the determination made unless convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

6. SAME—CUSTODY OF CHILDREN—RECORD.

> On appeal from order denying mother's petition to modify decree so to transfer custody of 11-year-old son from paternal grandparents to herself, record sustained conclusion that best interests of child required that he remain with such grandparents.

7. SAME—CUSTODY OF CHILDREN—COSTS.

> No costs are awarded on affirmance of order denying mother's petition to modify decree as to custody of her 11-year-old son.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted April 9, 1947. (Docket No. 33, Calendar No. 43,623.) Decided May 16, 1947.

Divorce proceeding by Miriam E. Johnson against Paul Johnson. On petition of plaintiff to amend decree to give her custody of minor child. Petition denied. Plaintiff appeals. Affirmed.

*James T. Sloan,* for plaintiff.

*Roy H. Hagerman,* for defendant.

CARR, C. J. The parties to this case were divorced on July 1, 1939. The decree, which was granted to plaintiff, gave to her the custody of the 4-year-old son of the parties, Paul Kenneth Johnson. Thereafter, plaintiff married Raymond Heimbaugh, from whom she later obtained a divorce, being granted the custody of the child of that marriage, a girl now 4 or 5 years of age. Following such divorce, plaintiff married her present husband, Phil A. Rudd, with whom she is now living.

In December, 1944, defendant filed a petition in the circuit court asking that the decree be modified and the custody of Kenneth taken from plaintiff because of the latter's failure to care properly for the boy. Following the hearing the court, having de-

termined that plaintiff had failed in her duty to the child in certain respects, entered an order on December 22, 1944, modifying the decree in such manner as to give the custody of Kenneth to the paternal grandparents. The proofs taken preceding such order indicated that the child's health was not good, that his school work had been interrupted several times because of plaintiff's changing her residence, that Mr. Rudd was then in the army of the United States, that Kenneth had frequently been left in the custody of persons other than plaintiff, and that during the preceding school year he had lived with the paternal grandparents, attending school in Sturgis. No appeal was taken from the order of modification.

Under date of August 21, 1945, plaintiff filed a petition in which she referred to the proceeding of the prior December, alleged that her husband had left the military service and had established a home, and requested that the decree be again modified by giving her the custody of Kenneth. Hearing was duly had on the petition and the answer of defendant Johnson thereto, following which the court entered an order declaring that the best interests of the child required that he remain in the custody and control of the paternal grandparents and denying the petition for modification. Plaintiff has appealed.

On behalf of plaintiff attention is called to 3 Comp. Laws 1929, § 12852 (Stat. Ann. § 25.311), which reads as follows:

"In case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of 12 years, and the father of such children shall be entitled to the care and custody of all such children of the age of 12 years

or over: Provided, That any probate court or any court of competent jurisdiction, may, on petition and hearing thereof, make and enforce such order or orders as it may deem just and proper as to the care and custody of such minor children, excepting in cases where an order or decree may have been made by any court in chancery regarding such children: And provided, further, That nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same manner and with like effect as it could if this act had not been passed."

The language of the last proviso in the section quoted indicates clearly that it was not the intention of the legislature to interfere with the power of courts to make such orders with reference to the custody of children as circumstances may render just and proper. It has been repeatedly recognized that the provisions of the section are not mandatory. Thus in *Weiss* v. *Weiss*, 174 Mich. 431, it was said:

"It can be said of the foregoing section, taken as a whole, that it was intended as a general guide for the courts when in doubt as to which of the parents is the more fit, or when neither is shown to be unfit. It has been construed as meaning that prima facie the mother is best entitled to the custody of very young children, favoring her in that respect, and as meaning there should be preponderating reasons in favor of the father before it is otherwise provided. *Klein* v. *Klein*, 47 Mich. 518; *In re Knott*, 162 Mich 10.

"The statute in question has never been construed as qualifying or restricting the inherent, broad, discretionary powers of a court of chancery to adjudicate as to the custody and control of chil-

dren whose interests are before it, according to the varying elements for consideration arising in each case, and to make such disposition of each child as its best interests appear to demand.''

Likewise, in *Riede* v. *Riede,* 300 Mich. 300, the Court, in commenting on the statute in question, said:

''The wishes of the parents are a secondary consideration. The welfare of the child is paramount.''

Of like import are *Brookhouse* v. *Brookhouse,* 286 Mich. 151; *Smith* v. *Ritter,* 292 Mich. 26; *Davis* v. *Davis,* 296 Mich. 711; and *Sawyer* v. *Sawyer,* 312 Mich. 524.

The controlling question in the instant case is whether the welfare of this young boy, now 11 years of age, will be best served by removing him from the home of his grandparents and placing him in the home of his mother and stepfather. No claim is made that the present home is not satisfactory in all respects, nor that the boy is not being properly reared in a good environment. The record clearly shows that Mr. and Mrs. Johnson have a genuine affection for their grandson, and that they sincerely desire that he remain with them.

The only change in circumstances between the entry of the order in December, 1944, and the filing of plaintiff's petition in August, 1945, was that plaintiff's husband had been released from military service, had entered private employment, and was maintaining a home for plaintiff and her child, the little girl above mentioned. It appears from the testimony taken on the hearing, however, that plaintiff was at that time working outside of the home, and that she customarily employed young girls, 14 to 16 years of age, to care for the child in plaintiff's

absence. The trial court, after listening to the evidence, expressed the conclusion that plaintiff preferred to work outside of the home rather than attend to her domestic duties. It is a fair conclusion, also, that plaintiff, while Kenneth lived in the home of his paternal grandparents, did not display the interest in his welfare that may reasonably be expected of a mother. The release of plaintiff's husband from military service does not, under the circumstances of the case, constitute such a change in circumstances as to justify or require a modification of the decree, especially in view of the satisfactory character of the home where the boy is now living. A change in the environment of a child is ordinarily not conducive to the child's welfare. This is especially so in instances where, as in the case at bar, the child concerned is of a nervous temperament.

In *Lazell* v. *Lazell*, 271 Mich. 271, this Court, in sustaining the refusal of the trial court to modify a decree of divorce in such manner as to take the custody of a 9-year-old boy from his father and give it to the mother, said:

"It is not well to disturb the *status quo* unless the court finds it necessary or proper for the good of the child. Should either parent attempt to influence the child against the other, or should conditions change, the trial judge, on the filing of a petition, can always make proper investigation and if necessary amend the decree. The court reached the correct conclusion in not uprooting the child from his present environment. The welfare of the child is paramount to all other considerations."

It is apparent from the record that the trial judge gave very careful consideration to the claims of the parties and determined the issue solely on the basis of his findings as to what the best interests of the

child required.  The parties had been before him on prior occasions.  He had the advantage of listening to their testimony and observing the demeanor of each witness on the hearing held on plaintiff's petition.  While this Court on appeal hears a chancery case *de novo*, due weight should be given to factual findings of the trial court.

In *Chubb* v. *Chubb*, 297 Mich. 501, 506, it was said:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo*, especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances. *Brookhouse* v. *Brookhouse*, 286 Mich. 151; *Stratmann* v. *Stratmann*, 287 Mich. 94; *Westgate* v. *Westgate*, 291 Mich. 18."

See, also, *Pinchuk* v. *Pinchuk*, 317 Mich. 523.

On the record before us we think that the trial court correctly determined the matter in issue.  The order from which the appeal has been taken is affirmed.  In view of the nature of the case, no costs are allowed.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.