MILLER *v.* MILLER

1. DIVORCE—CHILD CUSTODY—APPEAL AND ERROR—DISCRETION.
   The Court of Appeals is reluctant to disturb a ruling on child custody absent an abuse of discretion, since the trial court has an opportunity to weigh the evidence first hand.

2. DIVORCE—CHILD CUSTODY—WELFARE OF CHILDREN—STATUTES.
   The welfare of children is always a paramount consideration in any dispute over their custody in a divorce action, and

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 136.
[2-7] 24 Am Jur 2d, Divorce and Separation § 783 *et seq.*
   Child's wishes as factor in awarding custody, 4 ALR3d 1396.

therefore the statute regarding preferences for custody of the children may be ignored should their welfare require that the other parent or even a third party take or retain custody (MCLA § 722.541).

3. DIVORCE—CHILD CUSTODY—STATUTES.

The statute regarding child custody in a divorce action gives a presumptive preference to one parent over the other, depending on the age of the children, and this preference is not to be lightly regarded (MCLA § 722.541).

4. DIVORCE—CHILD CUSTODY—PREFERENCE.

The mother of children under 12 years of age has a statutory preference in their custody where both parents are fit for custody and able to provide a good home (MCLA § 722.541).

5. DIVORCE—CHILD CUSTODY—CONDITIONAL CUSTODY.

The mother of children under 12 years of age who voluntarily relinquished their custody to the parents of her former husband on the condition that the children be returned once she was able to provide for them should be able to regain custody when she has obtained an adequate home for them.

6. DIVORCE—CHILD CUSTODY—POLICY.

A mother should be encouraged to give up her children temporarily should she find herself unable to care for them alone, and sound policy provides this encouragement by returning custody to her when she is again able to care for them.

7. DIVORCE—CHILD CUSTODY—STERILITY.

The father of children under 12 years of age may not retain custody of them on the ground that he had been voluntarily sterilized during his marriage to their mother at her instance and is now unable to have more.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 February 4, 1970, at Lansing. (Docket No. 7,333.) Decided April 28, 1970. Leave to appeal denied June 30, 1970. 383 Mich 799.

Motion in a divorce action by Lee Anna Miller Ulinski against James D. Miller for change of custody of children. Motion denied. Plaintiff appeals. Reversed and remanded.

*Francis J. Wery (Ralph O. Wilbur,* of counsel), for plaintiff.

*Dunnings & Gibson,* for defendant.

Before: LESINSKI, C. J., and McGREGOR and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. This appeal presents a close question of child custody. The trial court concluded that the father should have custody, and the mother appeals.

Plaintiff Lee Anna Miller and defendant James D. Miller were married in June, 1959. Two daughters were born to them during their marriage, one in March, 1961, the other in April, 1963. In October, 1963, the plaintiff filed a complaint for divorce in Ingham county circuit court, seeking both temporary and permanent custody of the children. Although the plaintiff initially gained temporary custody, she later relinquished it voluntarily to the paternal grandparents (with whom the defendant was living) when she found the defendant's support payments inadequate and realized that she was unable to provide for the children alone. She conditioned her relinquishment of custody on its being returned once she was able to provide for the children. This change in custody was recognized by the final judgment of divorce—the defendant taking legal custody subject to further order of the court— and the children lived with their father in the grandparents' house from August, 1964 until January, 1966, when he remarried and set up separate housekeeping with the children, his second wife, and her son.

In June, 1968, the plaintiff, having recently remarried, moved the court for the return of custody,

alleging that she was now able to provide for the children. The friend of the court conducted an investigation and found that both parties could provide the proverbial good home, that both parties were emotionally and morally fit for custody, and that the children, then seven and five years old, were not unhappy living with their father, but wanted to live with their mother, having spent the week-ends with her regularly. Opposing the motion, the defendant pointed out that his custody extended over nearly four highly formative years and that his present wife enjoyed caring for the children, and then made it known that he had been voluntarily sterilized during his marriage to the plaintiff, making any future procreation impossible.

After an evidentiary hearing and legal argument, the court denied the motion and filed an opinion in which he noted that under MCLA § 722.541 (Stat Ann 1957 Rev § 25.311) the mother is favored, but by no means conclusively, and then said:

"This is a difficult case and the burden placed upon the court when both parents desire custody of the children and can provide good homes for the children is an onerous one. The court, the attorneys for both parties, and, unfortunately, the children are buffeted between the conflicting desires of the parents.

"In the instant case, the court is of the opinion that the interests of the two girls are best protected through the continuity of their upbringing effected by retaining custody in the defendant. Moreover, the court takes cognizance of the fact that defendant, because of an operation sterilizing him performed at the request of his former wife, the plaintiff, cross-defendant [sic], is unable to become the natural father of children.

"It is the opinion of the court that the motion of plaintiff, cross-defendant, should be, and the same hereby is denied."

For reasons appearing below, we find ourselves unable to concur with this ruling and we reverse. In reversing, we note the trial court's opportunity to weigh the evidence firsthand and our general reluctance to disturb a ruling on child custody absent an abuse of discretion, *Vines* v. *Vines* (1955), 344 Mich 222; *Hensley* v. *Hensley* (1959), 357 Mich 3, but regard this opportunity to be less critical here since the court based its ruling not on the fitness of one parent over the other, but on the defendant's sterility and the continuity of his custody.

MCLA § 722.541 provides:

"* * * That in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of 12 years, and the father of such children shall be entitled to the care and custody of all such children of the age of 12 years or over: * * * And provided, further, That nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same manner and with like effect as it could if this act had not been passed."

As the trial court correctly observed, this statute is not mandatory. The welfare of the children is always the paramount consideration in any dispute over custody, and therefore the statute may be ignored should their welfare required that the other parent or even a third party take or retain custody. *Johnson* v. *Johnson* (1947), 318 Mich 21; *Hentz* v. *Hentz* (1963), 371 Mich 335; *Sperti* v. *Sperti* (1950), 326 Mich 620; *Smedley* v. *Smedley* (1969), 18 Mich

App 347. At the same time, however, the statute does give a presumptive preference to one parent over the other, depending on the age of the children, and this preference is not to be lightly regarded. *Lair* v. *Lair* (1959), 355 Mich 10; *Smilgus* v. *Smilgus* (1950), 328 Mich 19; *Gorton* v. *Gorton* (1947), 316 Mich 375; *Burkhardt* v. *Burkhardt* (1938), 286 Mich 526. Thus, both parties being fit for custody and able to provide a good home, the plaintiff, as the mother of children under 12 years of age, is preferred. Balanced against this preference, of course, is the desirability of continuing the defendant's custody of several years duration, no doubt a factor weighing heavily in his favor and in some cases even dispositive.[1] There exists, however, another factor in the favor of the plaintiff, a factor overlooked in the opinion filed by the trial court. The plaintiff conditioned her relinquishment of custody on its being returned once she was able to provide for the children. At the hearing on her motion for divorce, she said (responding to her attorney's questions):

"*Q.* Now, with reference to the children, where are they now?
"*A.* They are with him.
"*Q.* How is that?
"*A.* They are with him.
"*Q.* Where is he living?
"*A.* He is living with his parents.

---

[1] See *Foxall* v. *Foxall* (1947), 319 Mich 459; *Koeppen* v. *Koeppen* (1968), 11 Mich App 147; *Smith* v. *Ritter* (1939), 292 Mich 26 (where mother sought custody of nine-year-old son who had been in custody of his maternal grandmother since infancy); *Johnson* v. *Johnson, supra* (where mother initially took custody under divorce decree, lost it because she failed to give the child adequate attention, and then sought to regain it); *Sawyer* v. *Sawyer* (1945), 312 Mich 524 (where mother sought custody of children 8 years after divorce).

"*Q.* They were with you for a while, were they not?

"*A.* Yes.

"*Q.* Did you attempt to do your very best to take care of them?

"*A.* Yes, I did.

"*Q.* You are working?

"*A.* Yes. I can't afford to keep them.

"*Q.* What was the result when you tried as best you could to keep them?

"*A.* It was impossible. I couldn't get enough to eat and I couldn't afford to keep the place where we had been living so I told Jim to take them.

"*The Court:* Do his parents live there and look after them?

"*The Witness:* Yes, they are with the grandparents.

"*The Court:* And probably well looked after?

"*The Witness:* Yes.

"*Q.* Did you want to give up the children?

"*A.* No.

"*Q.* Now, were you a good mother to them when you had them?

"*A.* Oh, yes.

"*Q.* Do you love your children?

"*A.* Very much.

"*Q.* Now, what is your feeling about giving up the children or letting them stay where they are at the present time?

"*A.* I would like them to stay there until I am able to take care of them and support them.

"*Q.* What are your hopes in that regard?

"*A.* Either getting a job where I am able to support them or if I should remarry I definitely would want them back.

"*Q.* You do understand that any order with reference to the custody of the children is subject to future revision by the court on the facts as they may be presented at that time?

"*A.* Yes.

"*Q.* So your giving them up has nothing to do with misconduct or failure to act as a good mother to them or anything like that?

"*A.* No."

Since the defendant does not deny the truth of these assertions, we assume the plaintiff relinquished custody in good faith. We also assume, nothing to the contrary appearing, that the plaintiff was diligent in her attempt to regain an adequate home for the children.

We deem this conditional relinquishment to be dispositive. We do so not so much out of a sense of fairness toward the plaintiff as out of a concern for the welfare of her children and other children in the custody of a divorced parent who is temporarily unable to provide for them. A mother should be encouraged, we think, to give up her children should she find herself unable to care for them alone. Yet a mother would be most reluctant to give up her children if she knew that custody could not be regained once it passed to the father or to a third party. Sound policy, one reflected in the case law of this state,[2] requires that custody be returned to the plaintiff.

We recognize and appreciate the hardship caused by the father's sterility, but do not consider it dis-

---

[2] See *Vines* v. *Vines, supra* (where custody of eight-year-old daughter was returned five years after the mother had relinquished it to the father and paternal grandparents because of physical and mental illness and financial hardship); *Eddingter* v. *Eddingter* (1968), 11 Mich App 636 (where custody of four-year-old son was returned two years after the mother had relinquished it to paternal grandmother because of financial hardship); *Paton* v. *Paton* (1961), 363 Mich 192 (where custody of four-year-old daughter was returned after mother recovered from mental illness). See generally, *Carlson* v. *Carlson* (1926), 237 Mich 105 and *Blackmar* v. *Blackmar* (1952), 335 Mich 249. In *Lazell* v. *Lazell* (1935), 271 Mich 271, the mother sought, but was denied, custody of her nine-year-old son, whose custody she had relinquished to the father five years before because of financial hardship. The mother lived in Detroit, the son on a farm. The boy liked farm life and enjoyed the companionship of his father.

positive or even highly relevant, since our primary concern is the welfare of the children. This hardship, we can only say, was a risk that the defendant accepted when he voluntarily underwent the sterilization.

Reversed and remanded for entry of an order returning custody of the children to the plaintiff.

All concurred.