CARLSON *v.* CARLSON.

1. DIVORCE—MOTHER'S STATUTORY RIGHT TO CUSTODY OF CHILD SUBJECT TO DISCRETION OF COURT — BEST INTEREST OF CHILD SHOULD BE SUBSERVED.

The discretionary power of the courts to disregard 3 Comp. Laws 1915, § 11484, giving the custody of a child under 12 years of age of divorced parents to the mother, should not be exercised unless it clearly appears that the mother's character is such that the child should not be

[1]Divorce, 19 C. J. § 799; 41 L. R. A. (N. S.) 564.

with her, or that for some other good and clearly apparent reason the best interests of the child would be subserved if its custody were elsewhere.

2. SAME—CHARACTER OF MOTHER—EVIDENCE—SUFFICIENCY.

Evidence *held*, insufficient to show that the mother's character is such that she is unfit to be the custodian of her 3½-year old daughter.

3. SAME—DECREE AWARDING CUSTODY OF CHILD SUBJECT TO AMENDMENT UNDER CHANGED CONDITIONS.

The decree of the court below awarding the custody of the 3½-year old daughter to the mother and permitting the father to visit his child and have her a portion of the time is subject to amendment at any time changed conditions warrant it.

Appeal from Mason; Cutler (Hal L.), J. Submitted October 13, 1926. (Docket No. 87.) Decided December 8, 1926.

Bill by Anna Carlson against Fred Carlson for a divorce: On petition of plaintiff for the custody of an infant. From an order granting the petition, defendant appeals. Affirmed.

*K. B. Matthews,* for plaintiff.

*Wetmore & Bagley,* for defendant.

SNOW, J.     May 8, 1925, plaintiff was granted a decree of absolute divorce from her husband, but the custody of the 3½-year old daughter was given to the defendant, to remain and live with his parents, until the further order of the court. Five months later plaintiff filed a petition to amend the decree so that she might have the custody of the child. After a full and complete hearing in open court, the decree was so amended, and the defendant appeals.

We are impressed, from the record, that the chancellor gave this matter most careful and serious con-

---

[2]Divorce, 19 C. J. § 801; [3]Id., 19 C. J. § 810.

sideration.    He permitted both parties great latitude
in the proof, and, at its conclusion, proffered a most
complete and comprehensive analysis of the entire
situation.    He not only had the benefit of personal
contact with the parties and their witnesses, but he
states he was also well acquainted with many of ·
them.    His disposition of what is probably one of the
most delicate and troublesome matters coming before
a court of chancery, viz., which divorced parent shall
have the custody of a minor child, seems to have been
both just to the parents, and for the best interests of
the infant.

The statute (3 Comp. Laws 1915, § 11484) gives
the custody of a child under 12 years of age to the
mother, in recognition of the fact that as a general
rule the present welfare of children of this age re-
quires a mother's care.    While courts have discretion-
ary power to disregard the provisions of this law, it
should never be done unless it clearly appears that
the mother's character is such that her child should
not be with her, or that for some other good and
clearly apparent reason the best interests of the child
would be subserved if its custody were elsewhere.

In the instant case, the mother has remarried and
has a husband willing and able to care for and support
the child.    She offered much proof of her good repu-
tation by those who were in position to know.    It is
true defendant produced several witnesses who claimed
they had seen her more or less in the company of her
present husband, before as well as after she was
divorced from defendant.    Claim is made, too, that
she has associated with a woman of somewhat doubt-
ful reputation.    But the proof is not convincing that
such associations were extensive, or that the person
is justly complained of.    We are not convinced that
these things brand her as disreputable.

The whole situation is not unusual.    Defendant's
parents are without doubt eminently respectable, and

able to furnish the child a good home. But the mother has first claim upon her child, and we agree with the chancellor that she is much more able to rear it than are its grand-parents. The decree is liberal to the defendant in permitting him to visit and have his daughter a portion of the time, and it is subject to amendment at any time conditions so change as to warrant a different disposition of, and care for, the child. We see no reason for disturbing the decree as made by the chancellor.

The case is affirmed, with costs to appellee.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.