### THOMAS *v.* THOMAS.

1. Divorce—Misconduct of Wife.
   Wife's frequent association with another man, often late at night and in disregard of protests of husband and other relatives, entitled him to divorce, although there was no proof of illicit conduct.

2. Same—Custody of Children.
   Although natural and statutory (3 Comp. Laws 1915, § 11484) preference of mother to care of children of tender years is undoubted, welfare of children is of first consideration, and where wife's association with other men rendered her unfit, custody of sons 4 and 11 years of age was properly given to husband in divorce decree.

Appeal from Muskegon; Vanderwerp (John), J. Submitted June 14, 1929.   (Docket No. 39, Calendar No. 34,394.)   Decided July 8, 1929.

As to effect of denial of custody of child to parent for its well-being, see annotation in 41 L. R. A. (N. S.) 564.

Bill and cross-bill for divorce by Cyrena Thomas and Harry K. Thomas. From decree for defendant, plaintiff appeals. Affirmed.

*Willard G. Turner, Jr. (Raymond J. Engle* and *R. Burr Cochran,* of counsel), for plaintiff.

*Cross, Foote & Sessions,* for defendant.

FEAD, J. This is a suit for divorce in which defendant had decree on cross-bill, with custody of two children, Richard, 4 years old, and Robert, 11. They have two other children, Doris, 16, and Russell, 17.

The parties were married in 1909, and lived together in Muskegon county some 12 years. No serious trouble developed during that period. They then purchased a store in Pine River, Minnesota, and moved there. The store venture was a failure, and defendant returned to Michigan. Plaintiff did not come, but remained in Minnesota with the children. She afterward obtained a divorce in that State. While divorced, she associated with a married man who had an invalid wife. In 1926, she returned to Michigan and remarried defendant. She did not care for him, and said she remarried him because she could not support herself and the children on the money he sent her. In a short time she refused to cohabit with him, and persisted in the refusal. Her claim that he communicated a disease to her does not sound probable as she stated it, and it was not supported by the findings of the physician who examined her. Trouble arose because of a present of money she received from the Minnesota man, and from her conduct with one Holman, a leader in the Spiritualist church, of which she became an attendant. Her assertion that her relations

with Holman were irreproachable was not substantiated. While there was no direct proof of illicit conduct, their association was too frequent, too late at night, and too disregardful of the protests of her husband, the opposition of her children, and the open threats of her brother to do Holman bodily injury, to warrant the conclusion that it was casual and platonic. Because of it she neglected Richard, kept Robert out of school to take care of him, often left both with Doris, and sometimes kept the children out at entirely unreasonable hours in order that she might be with Holman. If not illicit, the relationship was at least so improper as to render the marital status intolerable. The association continued to the time of trial. The decree of divorce was properly granted defendant.

The serious question is as to the custody of the two younger children. The court held that plaintiff was not the proper person to have the custody while her present course of conduct continues. In the opinion the suggestion was made that plaintiff could move to amend the decree in this respect under changed conditions, thus holding out a suggestion which ought to be a controlling inducement to her to recognize the seriousness of her conduct and the need for reformation. While the natural and statutory (3 Comp. Laws 1915, § 11484; *Carlson* v. *Carlson*, 237 Mich. 105) preference of the mother to the care of the children of tender years is undoubted, the welfare of the children is of first consideration. The chancellor had the advantage of personal observation of the parties, and we do not feel that his determination should be overruled.

Decree is affirmed, without costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.