GREENMAN v. GREENMAN.

1. DIVORCE—MOTHER IF MORALLY FIT ENTITLED TO CUSTODY OF
   MINOR CHILDREN.
   Under 3 Comp. Laws 1915, § 11484, on separation of parents,
   mother, if morally fit, is entitled to custody of children under
   12 years of age.

2. SAME—AMENDMENT—CUSTODY OF CHILD.
   On petition of husband to amend decree of divorce awarded to
   wife and giving her custody of minor child, evidence *held*,
   insufficient to justify amending decree awarding custody of
   child to him.

Appeal from Van Buren; Collingwood (Charles
B.), J., presiding. Submitted October 15, 1929.
(Docket No. 84, Calendar No. 34,462.) Decided Jan-
uary 24, 1930.

Bill for divorce by Harry J. Greenman against
Verles P. Greenman. Defendant filed a cross-bill.
Original decree awarded divorce and custody of
their minor child to defendant on her cross-bill.
Upon petition of plaintiff, decree was amended to
award custody to plaintiff. From amended decree,
defendant appeals. Reversed.

*D. M. Britton* and *Lynn J. Lewis,* for plaintiff.

*David Anderson,* for defendant.

McDONALD, J. This is an appeal from an amended
decree of divorce. The issue involves the custody of
a child, Harlan Ray Greenman, born to the parties
on January 18, 1926. In the original case the bill
was filed by the plaintiff, but the defendant was

On effect of provision in decree of divorce or separation on right
of parent to custody of child, see annotation in 41 L. R. A. (N. S.)
597.

awarded a decree on the ground of extreme cruelty and given the custody of the child. The amended decree gives it to the plaintiff.

It is the theory of the law in Michigan that a mother should have the care of children of tender age. It is provided by statute, 3 Comp. Laws 1915, § 11484, that in case of the separation of parents, the mother shall have the custody of all children under 12 years of age. So in this case, if the mother is morally fit, she has the first claim to the child. On August 11, 1928, the circuit judge decreed that she was a proper and suitable person to have it in her custody and control. She had no property or means of support, and the decree gave her nothing, though the plaintiff owned a home in South Haven and was earning $45 a week. An allowance of $5 a week was made for the support of the child. This amount was insufficient, so it became necessary for her to find work and at the same time provide a home for the child. Quite naturally, she turned to her parents, Mr. and Mrs. Hedglin, who live in the country near Sturgis, Michigan. She left the child with them when she was away at work. It was cared for by her mother, against whose fitness no complaint is made. The charge is against the home. It is alleged in the petition that:

"Said home is resorted to by a large number of people almost daily (nightly) as plaintiff is informed and believes and therefore charges the truth to be."

One witness testified in support of this charge, but the trial court did not find that it was sustained by the evidence. He based his decision on the personal conduct of the defendant, though no charge of that nature was made in the petition. It appears that, before the petition was filed, she sought an inter-

view with the plaintiff for the purpose of bringing about a reconciliation. The plaintiff testified that on that occasion she admitted to him she had sustained illicit relations with one Mr. Roper. This charge she denied. The court believed the testimony of the plaintiff. It is rather improbable that, while trying to argue the plaintiff into a reconciliation, she should voluntarily tell him of conduct so damaging to her moral character. It further appears that the same charge was made in the plaintiff's bill for divorce. The court found it was not sustained by the evidence, and awarded her the custody of the child. The record does not show any substantial change for the worse in conditions then existing. With little assistance from the plaintiff, the defendant seems to have done all she could for the child. That it has no home where it could enjoy the love and affection of both parents is due to the misconduct of the plaintiff, if the court was correct in his findings in the original case. At this time the showing made by the plaintiff is not sufficient to justify the amended decree.

This hearing was had on the theory that if the court gave custody to the plaintiff, he would keep the child in the home of his parents at South Haven. Much testimony was introduced to show the excellent conditions in that home. It now appears that after the decree was amended the plaintiff remarried and took the child to his own home. It may be that it has a better home there with the stepmother than it could have with its own mother; but of that we are not advised by any evidence.

The decree is reversed, with costs to the defendant, including an attorney fee of $100.

Wiest, C. J., and Butzel, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.