SAWYER *v.* SAWYER.

1. DIVORCE—CUSTODY OF CHILDREN—STATUTES.

    When the custody of minor children is in issue in divorce pro-
    ceedings, their welfare is the first consideration notwithstand-
    ing statute relative to children under 12 years of age (3 Comp.
    Laws 1929, § 12852).

2. SAME—CUSTODY OF CHILDREN.

    Where husband procured *pro confesso* decree of divorce and
    custody of two children then 11 months and 3 years of age
    was awarded to his parents, he subsequently remarried and
    took the children into his home without modification of decree,
    amendment of decree on mother's petition filed about eight
    years later and awarding her custody on Saturday afternoons
    at her own home or other approved places and at other times
    when specially authorized is not disturbed where trial judge
    is authorized to give her permission to see the children for
    longer periods if the mother properly conducts herself and it
    is for the good of the children.

Appeal from Ingham; Carr (Leland W.), J. Sub-
mitted June 7, 1945. (Docket No. 44, Calendar
No. 42,927.) Decided October 8, 1945.

Divorce proceedings by Robert Sawyer against
Martha Sawyer. Defendant filed petition to amend
decree to grant custody of minor children to her.
Decree amended to fix times when defendant might
take children to her home. Defendant appeals. Af-
firmed.

*Rathbun & Arvidson,* for plaintiff.

*John Wendell Bird,* for defendant.

BUTZEL, J. Plaintiff Robert Sawyer married de-
fendant Martha Sawyer February 2, 1931, when

18 years of age and she was a year or two younger. Two children were born, Joan on April 18, 1932, and Mary Jane on May 25, 1934. The parties separated on March 15, 1934. Mary Jane was born after the separation and before the date of filing a bill for divorce on November 20, 1934. About three or four months after their separation, plaintiff obtained custody of the older child. When Mary Jane was about five months old, she was left in the home of plaintiff's mother by defendant and her mother. At the time of the decree of divorce on April 13, 1935, both children were at the home of plaintiff's parents. Defendant had consulted an attorney but filed no answer to the bill of divorce. An order *pro confesso* was entered and decree subsequently granted. The court found that defendant was an unsuitable person to have the care and custody of the minor children. The decree provided that the plaintiff's parents, Floyd and Margaret Sawyer, were to have the care and custody of the children with the right to defendant to see them at limited times. On August 5, 1937, plaintiff Robert Sawyer married his present wife, Mary Sawyer. When he established a home of his own in the summer of 1939, he took the minor children to his home without any modification of the decree. While the children were living with plaintiff's parents, defendant visited the home frequently as her home was near by. The visits have become irregular since defendant remarried and moved farther away. It was not until January 7, 1943, or almost eight years after the granting of the divorce, that defendant Martha Sawyer asked for an amendment of the decree so as to give her the custody of the children. She claims that since she has remarried, she has a home of her own where she is able to take good care of the children and that plaintiff is not a proper person. She makes charges that he is addicted to

the use of liquor, but a careful review of the testimony shows that there is no basis for this charge. While occasionally he did take a drink of hard liquor and also kept beer in his home, he did not drink to excess. It was further shown that defendant is not strong or well. Defendant relies on 3 Comp. Laws 1929, § 12852 (Stat. Ann. § 25.311), which holds that the mother of minor children shall be entitled to their care and custody until they are 12 years of age and the father shall be entitled to the care and custody of the children of 12 years or over, but all subject to the discretion of the trial court as to what is best for the children. At the present time the older child is 13 years of age and the younger 11. In the last analysis, the welfare of the minor children is the first consideration where their custody is in issue. *Brookhouse* v. *Brookhouse,* 286 Mich. 151.

The children have a good home and are well cared for, and appear to be happy. It would not be to their interest to uproot them from their present home and force them to more or less share the unhappiness that has arisen through the fault of the mother, as shown by the decree. We are loath to interfere with the determination of the trial judge who was so familiar with all the conditions and who has given careful attention to what is best for the children. The trial judge made it possible for the mother to have the children on Saturday afternoons at her own home or other approved places and at other times when specially authorized. Undoubtedly if the mother so conducts herself and it is for the good of the children, the judge hereafter upon proper showing may give her permission to see the children for longer periods.

The order appealed from, embodied in an amendment to the original decree, is affirmed, with costs to plaintiff.

STARR, C. J., and NORTH, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.