FOXALL *v.* FOXALL.

1. Divorce—Custody of Children—Best Interests of Children. In husband's suit for divorce on grounds of extreme cruelty wherein determination was had as in a *pro confesso* suit, legal custody of 9-year-old boy and 7-year-old girl was placed in the friend of the court and the physical custody with the father on condition that the children remain at the home of their paternal grandmother and on petition to modify decree trial judge observed that had the suit been contested neither would have been entitled to divorce and then continued previous arrangement until further order of court, welfare of children was best subserved thereby (3 Comp. Laws 1929, § 12852).

2. Same—Custody of Children—Discretion of Court. Since the paramount consideration in awarding the custody of children of divorced parents is the welfare of the children and the court of chancery is vested with a large measure of discretion in such field, where it appears that children involved are happy, well adjusted and receiving the best of care and training, the continuance of their residence in the home of their paternal grandmother *held,* not an abuse of discre-

tion, such decree being subject always to modification if altered circumstances so require (3 Comp. Laws 1929, §§ 12739, 12852).

3. SAME—COSTS.

No costs are allowed on affirmance of order modifying decree of divorce on wife's appeal.

SHARPE and DETHMERS, JJ., dissenting.

Appeal from Oakland; Holland (H. Russel), J. Submitted July 17, 1947. (Docket No. 73, Calendar No. 43,761.) Decided December 3, 1947.

Divorce proceeding by Earl Foxall against Mary Foxall. On petitions of both parties to amend the decree. Decree modified. Defendant appeals. Affirmed.

*Howard I. Bond,* for plaintiff.

*William John Beer* (*Harry N. Dell,* of counsel), for defendant.

BUTZEL, J. On October 31, 1944, Earl Foxall, plaintiff, was granted a decree of divorce from Mary Foxall, defendant, on grounds of extreme cruelty. At the hearing, defendant was permitted to withdraw her answer and cross bill, thus allowing plaintiff to proceed without contest on her part. The decree provided that the legal custody of the two minor children of the parties, a boy and a girl, respectively of the ages of 9 and 7, be placed in the friend of the court for a period of one year, or until further order of the court; that Earl Foxall, the father, should have the physical custody of the two children during that period or until further order of the court, upon the condition that the children be kept at the home of Mrs. Clara Foxall, their paternal grandmother with whom they were then liv-

ing; and that Mary Foxall, the mother, should have the right to have and visit the children at reasonable and seasonable times. The decree also provided that at the expiration of the one-year period the court would consider the future legal and physical custody of the children unless it should become necessary to enter a further order before that time. On or about November 1, 1945, each party moved to amend the decree so as to obtain sole custody of the children. The motions were consolidated and after a hearing the court ruled that the legal custody of the children remain in the friend of the court and their physical custody remain with the father until the further order of the court, but upon the condition that the children remain at the home of their paternal grandmother under the present prevailing conditions. An order was entered on March 25, 1946, amending the original decree in accordance with the court's ruling. Defendant appeals from that order.

The record in the instant case is rather meagre and affords no indication of the nature of the pleadings or proofs in the divorce suit. In a written opinion, however, the judge observed that both parties believed that if the divorce suit had been submitted as a contested matter, neither party would have been able to prove himself or herself entitled to a decree of divorce and as a consequence thereof the court would have been unable to award custody of the children to either of the parties; that defendant withdrew her answer and cross bill with the result that plaintiff obtained a decree of divorce. The court stated that a careful consideration of the pleadings filed in the case, all of which were in substance borne out by the original investigation of the friend of the court through interviews with the parties themselves and others, would con-

firm the accuracy of that observation. The court also noted that the original decree had been approved by defendant and that her attorney had indorsed it as "O.K. as to form and substance."

The trial judge found that both children had been well cared for in the home of their paternal grandmother in Royal Oak, Michigan; that plaintiff's sister serves as housekeeper and also lives there with her three-year-old son; that Carol Ann, the daughter of the parties, has her own bedroom; that William Edward, the son, shares a bedroom with his three-year-old cousin; and that the children attend school, church and Sunday school. A report from the school principal shows that the little girl seems happy and well adjusted to both home and school; that her attendance is regular and her class work excellent; that the boy is well adjusted emotionally and socially, takes music instruction and likewise does excellent school work. The court also found that according to witnesses who had ample opportunity to observe them, the children have been kept clean, comfortably dressed and adequately provided for as to physical needs, training and environment at all times.

The mother has remarried and lives in a modern and comfortable five-room home in Melvindale, Michigan, just south of Detroit, which she and her husband intend to purchase. Royal Oak is just north of Detroit. She is not employed and states that she would not seek employment if awarded the custody of the children. The court stated that from the testimony presented and from their conduct and demeanor on the witness stand, both parties gave evidence of having made considerable progress in adjusting themselves since the original decree was entered. The court also commented on the fact that despite the original pleadings and the terms of the

decree relative to the custody of the children, neither party made an issue of the fitness of the other. Following the numerous decisions of this Court, the judge concluded that the welfare of the children is the prime consideration of the court in awarding their custody. He held that no special consideration should be given the mother, due solely to the age of the children. The written opinion of the trial judge reflects careful consideration of the underlying facts and circumstances involved herein.

On appeal defendant raises a single question: "Was appellant, having been found to be a fit and suitable mother, with adequate home facilities, absolutely entitled to the custody of her two minor children?" Appellant stresses her rights under 3 Comp. Laws 1929, § 12852 (Stat. Ann. § 25.311), which provides that in the case of the separation of husband and wife having minor children, the mother shall be entitled to the care and custody of all such children under the age of 12 years. This section, however, also contains the following proviso:

"And provided further, That nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same manner and with like effect as it could if this act had not been passed."

Appellant also cites *Coyle* v. *Coyle,* 221 Mich. 76; *Epstein* v. *Epstein,* 234 Mich. 200; *Carlson* v. *Carlson,* 237 Mich. 105; *Greenman* v. *Greenman,* 249 Mich. 388; *Hornbeck* v. *Hornbeck,* 316 Mich. 208. In all of those cases, however, we find a factual situation quite different from that herein. We are not unmindful of the fact that in the instant case it was

the father who was awarded the decree of divorce on grounds of extreme cruelty of the mother.

We have repeatedly stated that in awarding the custody of the children, the paramount consideration is their welfare, *Brookhouse* v. *Brookhouse,* 286 Mich. 151; *Riede* v. *Riede,* 300 Mich. 300; *Hornbeck* v. *Hornbeck, supra.* The record indicates that both children are happy, well adjusted and receiving the best of care and training. A court of chancery is vested with a large measure of discretion in awarding the custody of children whose interests are before it. *Mason* v. *Mason,* 317 Mich. 95, and the cases cited therein. Nor does the statute restrict or qualify the discretion of the court in such matters unless there is an abuse thereof. *Davis* v. *Davis,* 296 Mich. 711; *Riede* v. *Riede, supra; Sawyer* v. *Sawyer,* 312 Mich. 524. If altered circumstances or changing conditions so require, the decree of the court always is subject to modification. 3 Comp. Laws 1929, § 12739 (Stat. Ann. § 25.97). Upon the basis of the record before us, we are unable to find any abuse of discretion on the part of the lower court in denying defendant custody of the children.

The order amending the decree is affirmed, without costs.

CARR, C. J., and BUSHNELL, BOYLES, REID, and NORTH, JJ., concurred with BUTZEL, J.

DETHMERS, J. (*dissenting*). I do not concur in the opinion of Mr. Justice BUTZEL affirming the order of the trial court amending the decree so as to award legal custody of the parties' minor children, both under 12 years of age, to the friend of the court, with physical custody to the husband.

As stated in my Brother's opinion, the trial court, in its opinion, commented upon the fact that neither party made an issue of the matter of the fitness of the other. The undisputed testimony is that the wife's home is a satisfactory one in which to rear the children, with proper facilities for training and education. The trial court did not find nor is there evidence to support a finding of unfitness on the part of the wife to have the custody or unsatisfactory conditions for the children in her home.

In *Eichholtz* v. *Eichholtz,* 319 Mich. 42, we said:

"The statute, 3 Comp. Laws 1929, § 12852 (Stat. Ann. § 25.311), favors awarding custody of children below the age of 12 years to the mother. The provisions of the statute are subject, however, to the discretionary power of the court to safeguard the best interests of the child. *Doolittle* v. *Doolittle,* 311 Mich. 181; *Smith* v. *Ritter,* 292 Mich. 26; *Davis* v. *Davis,* 296 Mich. 711. This power of the court is recognized by the statute itself. See, also, 3 Comp. Laws 1929, § 12738 (Stat. Ann. § 25.96).

"The effect to be given the statutory preference in the mother and the test as to when the best interests of the child may be said to require that that statutory preference be disregarded have frequently been considered by this Court. The following quotations from our decisions set up the guideposts for decision here:

" 'While the statutory preference of the mother to custody (3 Comp. Laws 1915, § 11484) must give way to the best interest of the child in a proper case (*Weiss* v. *Weiss,* 174 Mich. 431), it is not to be lightly disregarded.' *Fuller* v. *Fuller,* 249 Mich. 19.

" 'Prima facie plaintiff was entitled to the custody of the two children when defendant by subterfuge took them from her and removed them beyond the jurisdiction of the court. A presumption of her

fitness obtained until rebutted by some competent evidence.' *Nichols* v. *Nichols,* 222 Mich. 119, 126.

" 'The statute (3 Comp. Laws 1915, § 11484) gives the custody of a child under 12 years of age to the mother, in recognition of the fact that as a general rule the present welfare of children of this age requires a mother's care. While courts have discretionary power to disregard the provisions of this law, it should never be done unless it clearly appears that the mother's character is such that her child should not be with her, or that for some other good and clearly apparent reason the best interests of the child would be subserved if its custody were elsewhere.' *Carlson* v. *Carlson,* 237 Mich. 105.

" 'It is only when the mother is not of good moral character, or where conditions exist in her home that make it an unfit place for the child, that the court will ignore the provision of the statute and give the father the custody of children under the age of 12 years.' *Epstein* v. *Epstein,* 234 Mich. 200.' "

No reason or cause having been found to warrant or justify ignoring the statutory preference for the mother to have custody, it follows, for reasons stated in the *Eichholtz Case,* that the order amending the decree should be reversed and a decree entered in this Court awarding custody of the minor children to defendant and remanding the case to the circuit court for a determination of the amount and manner of payments to be made by plaintiff to defendant toward the support and maintenance of the children, and of appropriate times and places for visitation of the children by plaintiff, and for the purpose of taking such further proceedings in the case as may from time to time to that court seem just and proper. Costs to defendant.

SHARPE, J., concurred with DETHMERS, J.