## CORY v. CORY.

1. DIVORCE—CUSTODY OF CHILDREN—STATUTES—EQUITY.

The statute as to custody of children according mother a preference as to those under 12 years of age and father a preference as to those over 12 years of age does not qualify or restrict the inherent broad powers of a court of chancery to adjudicate the custody of the children of divorced parents according to the varying elements for consideration in each case, and to make such disposition in each instance as will best subserve the welfare of the minors before the court (CL 1948, § 722.541).

2. SAME—CUSTODY OF CHILDREN.

The welfare of the minor children of parties to suit for a divorce is the first and paramount consideration when the matter of their custody becomes a controverted issue between the parents.

3. SAME—CUSTODY OF BOYS—REMARRIED FATHER.

The placing of the care and custody of 12- and 13-year-old boys in the father is preferable to placing their legal custody in the friend of the court while actual custody is in some boarding school approved by order of the trial court, where the father is remarried and is maintaining a suitable home and his present wife has indicated she would like to have

---

REFERENCES FOR POINTS IN HEADNOTES
[2] 17 Am Jur, Divorce and Separation § 683.
[4] 17 Am Jur, Divorce and Separation § 684.

their custody; the boys' mother having the right to their custody for 1 month during the summer and the further right to reasonable visitation.

4. SAME—MODIFICATION OF DECREE—SUPPORT OF CHILDREN—UNDUE HARDSHIP.

Amended decree of divorce as to custody of the 2 sons, now 12 and 13 years of age, is modified, under the circumstances, so as to relieve defendant of obligation to pay $970 for additional support wife had given them while enrolled in a military school, where he had been obliged to pay and did pay her $150 a month while they were so enrolled, he protested her action in enrolling them in such school and the additional payment would impose an undue hardship upon the husband.

5. SAME—ATTORNEY FEES.

Payment of a fee of $100 to plaintiff wife's present attorney is ordered, where such attorney has appeared in the divorce case comparatively recently and such payment makes a total of $300 paid by defendant to her attorneys.

6. SAME—REMAND—JURISDICTION OF TRIAL COURT.

Trial court is accorded full jurisdiction to hear and adjudicate any subsequent matters arising in suit for divorce, including payment of attorney's fee provided for by Supreme Court on husband's appeal.

7. SAME—COSTS—HUSBAND'S APPEAL.

No costs are allowed husband who is successful on appeal in obtaining modification of decree as to custody of 2 sons of the parties.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 18, 1952. (Docket No. 79, Calendar No. 45,454.) Decided May 16, 1952.

Divorce proceedings between Mary D. Cory and Ira W. Cory. On petitions of plaintiff for payment of expenses at school and of the defendant for change of custody. Defendant required to pay expenses at private school. Defendant appeals. Reversed and custody granted to defendant.

*George W. Bixler* (*Joseph B. Bixler,* of counsel), for plaintiff.

*Raymond J. Kelly,* for defendant.

North, C. J.   The defendant in this divorce case, Ira W. Cory, has appealed from an order of the circuit court denying his petition for an amendment to the decree of divorce which would award the custody of the 2 minor children of the parties to defendant; and also from an amendment to the order for alimony theretofore made granting plaintiff's petition that defendant be required to pay plaintiff an additional sum of $970. The minor children are 2 sons, the older one having become 13 years of age in September, 1951, and the younger one 12 years of age in October, 1951.

The original interlocutory decree of divorce was granted June 17, 1948, to become final 6 months thereafter. The custody of the 2 sons was given to plaintiff, Mary D. Cory, until each arrived at the age of 18 years, or until the further order of the court, with the right of defendant to have either or both of said sons with him for 1 month during summer vacations, and the further right of visitation at other reasonable times. The decree provided defendant should pay plaintiff $75 per month for the support and maintenance of each of these 2 minors. A property settlement was decreed in which the residence of the parties was awarded to plaintiff as her sole property, subject however to a mortgage encumbrance. Plaintiff was also decreed the ownership of certain other property, including the household furniture and equipment of the parties and certain cash items. Plaintiff was required to release to defendant by quitclaim any and all interest she might have in any real estate which the defendant owned,

or in which he might have had an interest, in Philadelphia, Pennsylvania.

The parties have been before the trial court repeatedly since the original decree concerning matters affecting the care, custody and maintenance of the minor children. The mother appears to have lacked the ability to control the minor sons in such a manner as their custodian should exercise. In October, 1950, on petition of defendant, the trial court amended the decree as to the care, custody and control of the 2 minor sons. By such amendment the custody of the 2 boys was given to the friend of the court of Oakland county, subject to rights of visitation, evidently by either of the parents. It was further ordered that these boys be placed in a boarding school, subject to the approval of the trial court, and that defendant "pay and discharge the board, room, tuition, clothing, medical expenses, et cetera, in connection with the education of said children and all expenses of transportation to and from such school for visits and vacation periods." On November 1, 1950, plaintiff filed a petition asking that the court approve her selection of the Howe Military School, at Howe, Indiana, as a suitable school for the boys to attend. On November 9, 1950, the defendant filed a like petition in which he asked the approval of the court of an arrangement alleged to have been made by defendant for the enrollment of said minors in the Colorado Military School, at Denver, Colorado, alleging that the registration fees for their entrance there had been paid. On November 25, 1950, the circuit judge caused an order to be entered approving the Howe Military School "as a suitable boarding school for the minor children of said parties," and providing further that "the defendant is hereby required to make the necessary financial arrangements with said educational institution for the enrollment of said minor children,

their transportation and other expenses." The order further provided "that unless and until the defendant makes the financial arrangements for the education of said minor children in the above named educational institution, said minor children shall be and remain with their mother, Mary D. Cory, and the obligation of said defendant to pay alimony shall continue."

Notwithstanding financial arrangements for the sons attending the Howe Military School were not made by the defendant, plaintiff caused the 2 minors to enter the Howe school for the spring term of 1951; and it appears from the record that in addition to the regular monthly alimony paid to her at the rate of $75 per month for each of the minors, plaintiff paid from her own funds $970 to meet the expense of maintaining the sons in the Howe Military School. As the result of a petition filed by plaintiff, defendant was ordered to appear before the court on July 23, 1951, "then and there to show cause, if any he has, why he should not be committed for contempt of court in the disobedience of said decree." Defendant made answer to plaintiff's petition, and on July 26, 1951, filed a cross-petition in which he asked that the decree of divorce be again amended so that "the custody of the minor children, Robert James Cory and William Davis Cory be awarded to this defendant, and that he be allowed to take them to his home in Fort Monroe, Virginia, forthwith." As above noted, defendant's petition for a modification of the decree as to the custody of the minor children was denied and in compliance with plaintiff's petition defendant was ordered to pay to her $970 in monthly instalments of not less than $75 each. This appeal by defendant followed.

Our review of the record on this appeal brings the conclusion that there should be a modification of the provisions of the decree, as last amended, touching

the custody of the minor sons of these parties. An applicable statutory provision provides as follows:

"That in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of 12 years, and the father of such children shall be entitled to the care and custody of all such children of the age of 12 years or over:    *    *    *    And provided further, That nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same manner and with like effect as it could if this act had not been passed." CL 1948, § 722.541 (Stat Ann § 25.311).

We are mindful, and have repeatedly held, that the above quoted statute does not qualify or restrict the inherent broad powers of a court of chancery to adjudicate the custody of children according to the varying elements for consideration in each case, and to make such disposition in each instance as will best subserve the welfare of the minor or minors before the court. See *Davis* v. *Davis,* 296 Mich 711. When the custody of minor children in a divorce case becomes a controverted issue between the parents, the welfare of such minor children is of first and paramount consideration. *Sawyer* v. *Sawyer,* 312 Mich 524; *Foxall* v. *Foxall,* 319 Mich 459.

In the instant case the 2 minor sons have arrived at an age where, under the circumstances of this case, they need the father's care and control; and placing their care and custody in the father is preferable to placing their legal custody, as the amended decree now provides, in the friend of the court of Oakland county, while the actual custody is in some boarding school approved by the order of the trial court. The father has remarried and is maintaining

a home, the suitability of which is not challenged. Defendant's present wife, as a witness in the proceedings touching the custody of defendant's 2 sons, testified: "I would like to have them." It is our understanding that presently the 2 sons are attending the Pennington School, Pennington, New Jersey, and the attendant expense is borne by the father.

Under all the circumstances of this case, which are indicated only in part in the foregoing, we conclude that the portion of the decree governing the custody of the 2 minor sons should be amended to provide as follows:

Beginning at the conclusion of the present term of the Pennington School now attended by these 2 sons, Robert James Cory and William Davis Cory, the father shall become and be vested with their care and custody, until said children arrive at the age of 18 years, respectively, subject however to the right of the mother of these 2 minors to have the sons with her for 1 calendar month during each summer vacation, defendant to provide the expense of the minors' transportation to and return from the mother, and suitable clothing and other personal needs for the minors during the visit to their mother; and the mother shall have the further right of reasonable visitation. Plaintiff shall have the right to elect whether the sons' visit with her shall be during the month of July or during the month of August, provided she shall by registered mail, return receipt requested, advise defendant herein at least 20 days in advance as to which of the above months the mother elects to have the sons. And further, plaintiff shall definitely advise defendant as to where the sons will be met and the exact time. In event of her failure to notify defendant as to whether plaintiff elects to have the sons' visit in July or in August, the sons' summer visit with their mother shall be during the month of August of each year; provided

the mother shall notify defendant in advance, in the same manner as above specified, of her desire as to where and when she will meet the sons.

Further, the decree of the lower court requiring defendant to pay to plaintiff $970 in addition to the $150 per month which defendant has paid, will be vacated. This modification, we think, is justified because to require the payment of said sum of $970 would impose an undue hardship upon the defendant; and for the further reason that plaintiff incurred this additional expense of the sons attending the Howe Military School over the timely protests of defendant, and notwithstanding the alternative provision in the court's order approving the boarding school "that unless and until the defendant makes the financial arrangements for the education of said minor children in the above named educational institution, said minor children shall be and remain with their mother, Mary D. Cory, and the obligation of said defendant to pay alimony shall continue." As a matter of fact, defendant did continue to pay plaintiff $150 per month for the support of these 2 sons during the time they were attending the Howe Military School.

There is now pending in this Court an application for expenses and attorney fees for plaintiff's present attorney. Disposition of this application must be made in the light of the fact that on 2 previous occasions attorneys who then represented plaintiff were paid under order of court an attorney fee of $100. Plaintiff's present attorney appeared in this case comparatively recently and we think a proper disposition is to provide in the amended decree that within 60 days from the date of our decree defendant shall pay into court for plaintiff's present attorney a fee of $100, which will make a total of $300 paid by defendant to plaintiff's attorneys.

A decree may be taken in this Court in accordance with the foregoing, and providing further that this case is remanded to the trial court with full jurisdiction to hear and adjudicate any subsequent matters arising therein, including payment of the attorney's fee herein provided. No costs.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.