## SMILGUS *v.* SMILGUS.

1. DIVORCE—CUSTODY OF CHILDREN—APPEALABILITY OF ORDERS—LEAVE TO APPEAL.

Order changing custody of girl, now 8 years old, from father to mother "for six months or until the further order of the court" is treated as an order appealable without leave of court since it might run indefinitely, or at least until child became 17 years of age (Court Rule No. 60 [1945]).

2. SAME—CUSTODY OF CHILDREN—BEST INTEREST OF CHILD—HOME ACCOMMODATIONS—FITNESS OF MOTHER.

Where it appears that paternal grandparents who live at home of father of 8-year-old girl are eminently suitable to care for the child, that her custody had been awarded to father after the mother had voluntarily left the child with his sister while the mother travelled about the county on a camping trip with another man who was not her second husband, that she had become reconciled with the latter but that the child in question would be the fourth person to occupy three-room apartment with the mother, her second husband and their child, that the father's home is entirely suitable for the daughter's place of abode and that she would get the best of care and personal attention, even during the evenings, order awarding custody of child to mother is reversed, with right to arrange periodical visitations by the mother vested in circuit court.

3. SAME—CUSTODY OF CHILDREN—FITNESS OF FATHER—EVIDENCE.

Where divorce was obtained by wife while husband was absent in the armed service, the fact that she obtained the decree against him would not be considered as importantly indicating his unsuitability as custodian of his daughter.

4. SAME—CUSTODY OF CHILDREN—NOTICE.

Notwithstanding plaintiff may not have had notice of hearing on defendant's motion to amend decree of divorce as to custody of child, where issue of custody is raised by plaintiff's later petition, adjudication of such issue is had on record before Supreme Court.

5. SAME—COSTS.

 No costs are allowed defendant father upon reversal of order awarding custody of 8-year-old girl to mother.

Appeal from Kent; Brown (William B.), J. Submitted October 14, 1948. (Docket No. 82, Calendar No. 44,204.) Decided December 17, 1948. Rehearing denied February 28, 1949.

Divorce proceedings by Geraldine Smilgus against Joseph Smilgus. Decree amended as to custody of child. Plaintiff petitioned for amendment of decree relating to custody of minor child. Decree amended. Defendant appeals. Reversed and decree entered awarding custody of child to defendant.

*Sigmund S. Zamierowski,* for plaintiff.

*Earl Glocheski,* for defendant.

REID, J. Defendant appeals from an order setting aside a previous order amending a decree of divorce. The amendment pertained only to the custody of Ellen K. Smilgus, a daughter of the parties. Both parties have been residents of Grand Rapids for several years.

The decree of divorce, April 13, 1945, awarded plaintiff custody of the daughter, who was born October 13, 1942, said custody to continue until the daughter shall attain the age of 17 years or until the further order of the court. Plaintiff, after the decree of divorce, married Bernard Heslinga. Plaintiff had the custody of the child in question until about July 1, 1947, when she separated from Heslinga, leaving said child in the custody of defendant's sister. Plaintiff then, living apart from Heslinga, became involved with one Paul Losey in a violation of a city ordinance as to immoral conduct, was convicted and paid a fine. Thereafter, she and Losey

left Grand Rapids and went on a camping trip in different parts of Michigan and also went as far south as Florida and as far west as Wyoming.

During plaintiff's absence from Grand Rapids, defendant filed a petition to amend the divorce decree to give him the custody of the daughter but was unable to give notice to plaintiff of the pendency of the proceedings because of plaintiff's unknown whereabouts. However, defendant obtained an order modifying the decree to give him the custody.

Plaintiff testified that her companion Losey was convicted "out west." Plaintiff came back to Grand Rapids, was reconciled to her second husband Heslinga and is now living with him. Plaintiff filed a petition to set aside the order amending the divorce decree, which amending order gave the custody to defendant. Issue as to custody was joined on the hearing of this petition.

Plaintiff claims to be repentant and willing to devote herself to the interests of the daughter. The place of abode of plaintiff consists of a three-room apartment in which she, her husband and their child must live. The daughter in question, Ellen, would be the fourth person in the three-room apartment.

By the order appealed from, the trial court ordered that the custody of the daughter be awarded to plaintiff for six months *or until the further order of the court,* and required the defendant to make designated payments for the child's support. Plaintiff claims that this order is temporary only and not appealable under Court Rule No. 60 (1945) without leave. It would seem that, in the absence of a petition by either party, this order might run on indefinitely or at least until the daughter shall become 17 years of age. In view of the nature of the order appealed from, we treat the matter as properly before us on appeal.

The home of defendant, the father, was clearly

shown by the proofs, and is found by the trial judge, to be entirely suitable for the daughter's place of abode. There is no testimony showing anything undesirable in the daughter's living at defendant's home. The married sister of defendant, who had been living at defendant's home, testified that she and her husband expected soon to occupy their own residence. However, the mother and father of defendant will continue to live in his home and the mother, who would care for the child under an award of custody to the father, is shown to be eminently suitable to care for the child, and testimony shows that she gives the granddaughter the best of care and personally attends to her always, even during the evenings.

It seems that plaintiff voluntarily left her daughter's custody with defendant's sister in order to carry out plaintiff's own course of misconduct with Losey. There are compelling reasons why we should distrust the plaintiff's influence over her daughter. Her supposed reformation was of three months' duration. There are no reasons why the defendant should not be trusted with his daughter's custody and welfare. The divorce was obtained while he was absent in the armed service of the United States and we consider in view of all the testimony that plaintiff's obtaining a decree against him ought not to be considered as importantly indicating his unsuitability as custodian of his daughter.

Notwithstanding plaintiff, on the ground of lack of notice, has questioned the validity of the July, 1947, amendment to the decree which gave to defendant the custody of this minor child, by plaintiff's present petition the issue of who shall have the custody of the minor is now before the Court for adjudication; and on the record before us we determine that the welfare of the child in question requires that she be in the custody of her father, the defend-

ant. The order appealed from is reversed. A decree will be entered in this Court awarding the custody of the daughter to the father, the defendant, with periodical visitations by the plaintiff to be arranged for under the direction of the circuit court for Kent county in chancery, to which court the enforcement of the decree and future matters as to the custody of the child in question are referred. No costs are allowed.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.