SMILGUS *v.* SMILGUS.

1. DIVORCE—MODIFICATION OF DECREE—CUSTODY OF 6-YEAR-OLD CHILD.
   Modification of decree to award to mother custody of 6-year-old
   daughter was proper, where it appears the mother is estab-
   lished in a home reasonably suited to needs of the family,
   that she is devoted to the daughter, sees to her welfare, cloth-
   ing, regular attendance at public and Sunday school, has ceased
   her former course of questionable conduct, and her new hus-
   band testified he was willing to support family with the daugh-
   ter in it, that the home provided by the father and his atti-
   tude toward her did not the better serve the child's welfare.

2. SAME—PRIMA FACIE CUSTODY OF 6-YEAR-OLD CHILD.
   Prima facie the custody of a 6-year-old girl should be given
   to the mother upon being divorced from the child's father (CL
   1948, § 722.541).

3. SAME—MODIFICATION OF DECREE—JURISDICTION.
   Validity of service of notice to a defendant of plaintiff's peti-
   tion to modify a decree of divorce may not be challenged where
   no formal motion to dismiss the petition was made, simul-
   taneously with entering his appearance the defendant signed
   and filed an answer to the petition, cross-examined plaintiff's
   witnesses, testified in his own behalf and offered other testi-
   mony, as the court had jurisdiction over the person of the
   defendant.

Appeal from Kent; Brown (William B.), J. Sub-
mitted April 13, 1950. (Docket No. 18, Calendar No.
44,688.) Decided June 5, 1950.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur, Divorce and Separation, § 683.
[1, 3] 17 Am Jur, Divorce and Separation, § 684.
[3] 17 Am Jur, Divorce and Separation, § 685.
[3] Right of parent to notice and hearing before being deprived of
custody of child. 76 ALR 242.

Divorce proceedings by Geraldine Smilgus against Joseph J. Smilgus. On petition of plaintiff for amendment of decree to change custody of minor child. Decree amended. Defendant appeals. Affirmed.

*Sigmund S. Zamierowski,* for plaintiff.

*Earl T. Glocheski,* for defendant.

NORTH, J. This is an appeal from a modification of a decree in the circuit court as to the custody of a minor daughter of the parties. In April, 1945, plaintiff obtained a decree of divorce from defendant. The custody of the daughter, Ellen Smilgus, then about $2\frac{1}{2}$ years of age, was given to plaintiff. Later defendant sought and obtained modification of the decree and was given custody of the little girl. In 1948, the mother (plaintiff) obtained in the circuit court a modification of the decree which restored custody to her. An appeal to this Court by defendant resulted in reversal and a decree giving custody to the father.[*] Our decree provided that the case be referred back or remanded to the circuit court of Kent county with continued jurisdiction of "future matters as to the custody of the child." Subsequently, on petition of the mother, this matter of custody was brought before the circuit court of Kent county, and again the decree was modified restoring custody of the daughter, then about 6 years of age, to the mother. The present appeal by the father (defendant) is from this final modification of the decree which vested custody in the mother.

We shall not attempt to state herein all the details disclosed by the testimony bearing upon the right of custody of this child. Instead we note only the following. The undisputed record discloses that the

---

[*] *Smilgus* v. *Smilgus,* 323 Mich 149.—REPORTER.

mother, who has remarried and has a young child by the latter marriage, is very differently situated in matters pertaining to her right to the custody of the little girl than she was at the time the matter was formerly before the Court and custody given to the father. It now appears from the record that plaintiff mother is established in a home which is reasonably suited to the needs of the family; that she is very devoted to Ellen; looks after her welfare faithfully; provides her with suitable clothing, and sees to it that she attends both Sunday school and public school regularly. As a witness in this proceeding, Ellen's teacher testified: "She is an average student. * * * She is better than an average student and I could not ask for any superior as to conduct." While plaintiff formerly indulged in a course of questionable conduct, the record now is that she is faithfully performing her duties in her home, and she testified: "I go to Calvary Reformed Church." Plaintiff's testimony as to her own conduct and present ability to provide a proper home for the daughter, as well as her attention and devotion to the child, was corroborated by disinterested parties who had ample opportunity to observe such matters. Plaintiff's present husband was also a witness and testified that he was willing to maintain the family with Ellen as a member thereof.

As against the above, the showing in behalf of the father is not too convincing. His mother, who is living with defendant and would have, or at least participate in, the custody of Ellen if she were placed with her father, is a woman approximately 60 years of age and presently works nights as a janitress in a public building. The father admitted that he had deprived Ellen of the use of a bicycle which was purchased for her by her mother; and that he had also refused to let Ellen use a heavy coat which had been provided for her, except when she was in his custody.

Without narrating further details of the record, it is sufficient to note that by it we are brought to the conclusion that the trial judge reached the best result obtainable under the unfortunate circumstances by decreeing custody of the minor to her mother on the ground that the welfare of the child will be best served thereby. And it may be further noted that because of Ellen's age, under the statute (CL 1948, § 722.541 [Stat Ann § 25.311]) the custody of this girl prima facie should be given to the mother.

Appellant challenges validity of the service of the notice of plaintiff's petition for modifying the decree, which service instead of being made on defendant personally was made on his attorney; and in consequence defendant says the trial court did not obtain "jurisdiction over the person of the defendant." While defendant apparently sought to enter a special appearance in the present proceedings for the purpose of challenging jurisdiction of the court, we think such attempt was wholly ineffective. No formal motion to dismiss was made, and further simultaneously with entering his appearance defendant signed and filed an answer to plaintiff's petition. Further, without obtaining any ruling by the trial court, defendant and his counsel appeared at the hearing on the petition, cross-examined plaintiff's witnesses, defendant testified in his own behalf, and offered other testimony. Having thus actually submitted to the jurisdiction of the court, appellant could not thereafter challenge the validity of the service of notice of hearing on the ground that the court did not obtain "jurisdiction over the person of the defendant."

The decree as modified by the circuit judge is affirmed. Appellee may have costs of this Court.

BOYLES, C. J., and REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.